## JOHN A. EASTMAN, Plaintiff in Error,

*vs.*

## SAMUEL P. BENNETT and EDWARD A. WHITE, Defendants in Error.

ERROR TO FOND DU LAC CIRCUIT COURT.

A clerical error in a notice for taking a deposition under a commission, by which the name of the commissioner was substituted for the witness, was held insufficient to exclude the deposition, when the name of the witness was correctly inserted in the copy of the rule, affidavit, and interrogations served on the objecting party.

Communications between the parties to a transaction, concurrent with, and in reference to that transation, are, in general, admissible in evidence, as part of the *res gestae.*

It is competent, in case of a foreign witness, to establish by his deposition the contents of a paper in the hands of the opposite party, even before he had declined to produce it on notice ; but such proof will be admissible only in the event of the party declining to produce the paper on the trial.

Although the contract in the declaration is set out *in hæc verba,* a slight variance, which would not affect the sense of the instrument, or, by possibility, take the opposite party by surprise, will not be fatal.

In civil pleading there is no material variance between "Bennett, White & *Co.*," and "Bennett, White & *Company.*"

A letter of guaranty infroming the persons to whom it is addressed that Mr. C., (the bearer of the letter), "will purchase a small stock of clothes and clothing of you, "which I hope you will sell to him cheap," &c., expresses a sufficient considertion for a guaranty, therein contained, of the amount of the purchase.

A sheriff is not a competent witness to falsify and impeach his own return of "*nnlla bona*" endorsed upon an execution by him served and returned.

This was an action of assumpsit commenced by declaration in July, 1856. The declaration alleged that the plaintiffs were co-partners doing business under the name and firm of "Bennett, White & Company," on the first day of September, 1854, at the city of Boston, State of Massachusetts. The cause of action is stated in the declaration to arise out of a letter and proposition to contract and guaranty, addressed by

the defendant to the plaintiffs at the instance of one Alex. H. Clark. "Which said letter and proposition to contract and "guaranty, was in the words and figures following, that is to "say: Fond du Lac, Wis., Sept. 27th, 1854. Messrs. Bennett, "White & Co., Quincy Market, Boston: Sirs—Mr. A. H. "Clark of this place will purchase a small stock of clothes and "clothing of you, which I hope you will sell to him cheap, "and I have no doubt he will make you a valuable customer. "I hereby guaranty the collection of any amount which you "credit him with, not exceeding two thousand dollars."

The declaration further alleges that the letter and proposition to contract and guaranty, having been presented to the said plaintiffs on the second day of October, 1854, was then and there accepted by them, and then and there confiding in said contract and promise, and relying thereupon, they, the said plaintiffs, sold and delivered to the said Alexander H. Clark, a bill of goods, wares and merchandize of the description mentioned in said letter and contract of the value of $2,056, on a credit of six months, and then and there, afterwards, to-wit, at the time of the completion of said sale and delivery, the said plaintiffs, on the 6th day of October, 1854, notified the said defendant that they had accepted his said offer of guaranty and completed said contract, and in pursuance thereof, and relying thereupon, had sold and delivered said goods to the amount of two thousand dollars.

The declaration then alleges the failure of Clark to pay, a notification of the failure to the defendants on the 3d of April, 1855, a recovery of a judgment on the bill of goods, against Clark, for the sum of $1,644.22, at the August Term of the circuit court in Fond du Lac county, for 1856; the issuing of an execution on such judgment, and a return of "nulla bona" endorsed thereon by the sheriff, and concludes in the usual form, averring an assumpsit, request and refusal, &c.

To this declaration the defendants pleaded the general issue.

Upon the trial of the cause in the court below, the plaintiff introduced the deposition of John E. Clark, taken under a

commission: to the reading of which the defendant objected, because the commission was issued upon a notice that a commission would be issued to examine Augustus Russ; which notice was accompanied by a copy of a rule and affidavit containing the name of John E. Clark, and a copy of interrogatories to be propounded to said Clark, and the name of Augustus Russ as a commissioner, before whom said witness would be examined—which objection was overruled, and the defendant excepted.

The fourth interrogatory annexed to the commission required the witness to detail the conversations between the plaintiffs and defendant relating to the sale of the goods, and to annex thereto a full *copy of the correspondence* relating to the subject matter of the suit.

To which the defendant objected as improper in form, and calling for secondary evidence, which was overruled and exception taken.

The testimony of this witness (John E. Clark) showed that O. H. Reed, a salesman of the plaintiffs, received a letter from the defendant, recommending A. H. Clark, and asking if Bennet, White & Co., would like to sell to him. That witness wrote to defendant, by direction of plaintiffs, in reply to that letter, (a copy of which was produced and read); that on the 2d of October, 1854, A. H. Clark came to the store of the plaintiffs with a letter of introduction from the defendant, in answer to the letter above referred to, offering to guaranty such an amount as they might sell to Clark, not exceeding two thousand dollars. That the two letters from Eastman, and the copy above referred to, were all the correspondence previous to the sale. Mr. Bennett sold Clark the goods that day. "After the goods were shipped I notified the defendant that "we had sold to Clark to the amount of his guaranty. I sent "the notice by mail to the address of John A. Eastman, Fond " du Lac, Wisconsin ; a copy of the same is hereunto annexed " marked C."

To this copy of the letter of notification the defendant objected, but his objection was overruled, and exception taken.

The plaintiffs then offered in evidence the letter of guaranty referred to by the witness, to which the defendant objected for the following reasons; that the address was to *Bennet, White & Co.*, while the plaintiffs allege their style to be *Bennett, White and Company*. Also that there is a variance between the letter offered and the one declared on, inasmuch as the word " may " does not occur in the letter as set out in " words and figures " in the declaration. This objection was overruled and exception taken.

The plaintiffs also offered copies of two letters from plaintiffs to defendants, one of which was the notification of the acceptance of his letter of credit, and of a sale of goods to Clark under it, to the amount of the sum guarantied, dated Oct. 6, 1854. To the reading of which the defendant objected because it did not appear he had ever been in possession of said letters, or that the same had been mailed to him *post paid*. But the defendant admitted he had been notified to produce the original letters on the trial. Whereupon the objection was overruled, and the defendant excepte d.

The plaintiffs then offered in evidence a judgment roll, docket, entries and records of a suit of " Bennett, White & Co.," against A. H. Clark, and a *fieri facias* issued thereon. To the admission of which the defendant objected, because the plaintiffs in the suit against Clark allege their style and firm is Bennett, White & Co.," while the plaintiffs in the suit at bar allege their style and firm to be " Bennett, White & Company. Which objection was also overruled, and exception taken.

The plaintiffs also offered in evidence Vol. 17, Mass. Rep., and a copy of the Revised Statutes of Massachusetts; to which the defendant objected, but was overruled.

The plaintiffs having rested, the defendant moved the court for a non-suit on the following ground:

1st. The guaranty upon which suit is brought is void, not expressing the consideration for which it was given.

2d. There is no evidence that the plaintiffs had given defendant notice that they had accepted the guaranty and acted upon it.

3d. There is no evidence of a special demand made of the defendant for the amount of the bill, prior to the commencement of the suit.

4th. That the plaintiffs show that Clark was in possession of a stock of goods, and he and Eastman claimed that Eastman had a chattel mortgage upon them to secure him against this debt. Motion denied and defendant excepted.

And the defendant to maintain the issue on his part recalled Edward Beaver as a witness, and offered to prove that at the time the execution against Clark came to his hands and at the time the same was returned, Clark had property sufficient to satisfy the execution. To which the plaintiff objected, on the ground that the sheriff was not competent to contradict his own return. Which objection was sustained, the evidence excluded, and the defendant excepted. And the cause was submitted under the charge of the court, who charged and directed the jury.

"That if the jury find that the plaintiffs had prosecuted their "claim against Clark to judgment—had issued an execution "thereon—and said execution was returned by the sheriff— "that no property could be found; that then the defendant "was liable to the plaintiffs upon his guaranty."

To which charge the defendant was excepted.

The jury found a verdict, under the charge, for the plaintiff for $1,744 31; upon which judgment was duly rendered.


*Edw. S. Bragg*, for plaintiff in error.

I. The court below erred in permitting the deposition of John E. Clark to be read in evidence.

II. Whether or not, the whole of the deposition should have been excluded, it is submitted that the rules of evidence, excluding secondary and hearsay evidence, and parol evidence of the contents of letters, are too well settled, to require the citation of any authorities, to establish an error of law, committed by the court, in overruling the objections to the 4th interrogatory propounded to the said John E. Clark and to the answer thereto.

The same error was again committed by the court in over-ruling the objection to the answer to the general interrogatory.

III. The letter of guaranty declared upon and the one offered in evidence are not the same. It is true that the variance is slight, and would be disregarded had the paper or letter been set out in substance and effect. But when the pleader set out his contract in words and figures, every part became descriptive of the whole contract : the pleader assumes the burthen of proof voluntarily, and the rules of evidence require him to prove the contract as set out by him, not in substance, but with precision. 1 Greenleaf Ev. § 58 and 69 ; 2 Id. § 12, and 160 ; 2 Starkie, 148.

IV. The admission of the sworn copies of letters as evidence was error. There was no attempt at laying the foundation for secondary evidence ; all that was subsequently shown was a notice to produce the originals, when not shown to be, *or even to have been*, in our possession. The proof of the copies by the witness was premature ; we had not then declined to produce them.

But the facts proved do not show them ever to have been in our possession. A notice by mail, to be valid must appear to have been postpaid. 1 How. Pr. 158 ; 2 Id. 71.

V. The court erred in admitting the judgment against Clark in favor of " Bennett, White & *Co.*" as evidence in this case, wherein they declare their style and firm to be " Bennett, White & *Company.*" They appear to be different parties, and as they are presumed to know their own names, their allegations should be construed strictly.

VI. The written guaranty was insufficient for a recovery, inasmuch as it did not express a consideration ; and the court erred in refusing the nonsuit moved on that ground.

VII. If we are correct in the fourth point, and the letters were improperly admitted, there is no evidence that the plaintiffs gave the defendant notice that they had accepted his guaranty, and had acted upon it. If the authorities leave the question in doubt as to the necessity of such notice, the plaintiffs have made it material by the allegations in their declaration.

*Vide* 12 Pick., 133; and cases cited. 12 Peters, 307, and cases cited, and 22 Pick., 223.

VIII. There was no request made of the defendant to pay the bill covered by the guaranty previous to suit brought, nor was he notified of Clark's failure to pay. *Vide* 6 Paige 627; 1 Pick, 277.

IX. The court erred in refusing to permit the defendant to contradict the sheriff's return of *nulla bona*, to the execution against Clark. We believe that an officer's return is *prima facie* evidence between third persons, but not conclusive, and may be rebutted by other evidence. 11 East, 297; 2 Com. Pr. 340; 2 Wend., 416; 9 J. R. 263; 6 Greenleaf, 350; 14 Pick., 126; R. S. § 3, ch. 131; 5 Iredell, 197; ¦3 Cht., 93, 83; 6 Conn., 334; 3 Met., 381; 4 Id., 79–94, 424.

*Eldridge and Waite*, for defendants, in error.

I. The objection to the admission of the testimony of John E. Clark, under the commission, was properly overruled. The error in the notice was merely clerical; indeed the notice was unnecessary. Circuit Rule, 50.

II. The omission of the word *may* in the guaranty as declared on was clerical, and the variance thereby created was immaterial. So of the abbreviation of *Co.* for *Company*.

In an action for libel the declaration contained the words " U. States", and the paper produced in evidence was written " United States." Held immaterial. *Lewis vs. Few*, 5 J. R. 1. *Vide*, also, *Henry vs. Brown*, 19 J. R. 49, and *Page vs. Wood*, 9 Id. 81.

The rule in relation to variance, as it formerly prevailed, has been very much modified, if not entirely changed. The question now is, is it material, or calculated to mislead, or surprise? *Coonly vs, Anderson*, 1 Hill, 523; *East Boston Tribune Co., vs. Persons*, 2 Hill, 126; *Allen vs. Jarvis*, 20 Conn., 37, 48.

IV. The ruling of the court on the motion to nonsuit, the plaintiff was correct. First the written guaranty was sufficient, and sufficiently expressed the consideration for the defend-

Eastman vs. Bennett.

ant's undertaking, even under the construction given to the statute of frauds in the late decision of this court in 3 Wis. R. The sale of the goods, and credit to Clark at the request of defendant, is a valid, legal and sufficient consideration. Does not that appear expressly upon the face of the guaranty? What words would have added to its clearness? We do not suppose it was even doubted that a sale of goods upon a credit to a third person upon request, is consideration enough to support a promise. In *Union Bank vs. Curter*, 3 Comstock, 204, such consideration was held sufficient in case of guaranty.

*Second.* The plaintiffs were not required to give notice of their acceptance or acting upon the guaranty. They had previously promised to sue Clark upon defendant's guaranty. The guaranty is *absolute*, not conditional. 3 Comstock, 204 ante; *Douglass vs. Howland*, 24 Wend., 35. But he had notice by mail. He admitted his liability to the sheriff, and took security on the goods purchased.

V. The sheriff was not competent to contradict his return, *Knowlton vs. Ray*, 4 Wis., 288; *Meredith vs. Shervil*, 1 Penn. R., 496; 3 Conn. 582; 6 Mass. 327; 1 McLean, 246.

*By the Court*, Cole, J. We are of the opinion that the judgment in this case should be affirmed. We cannot believe that the mistake of the name of the witness to be examined, which occurred in the notice served upon the attorneys of the plaintiff in error, could have possibly misled them. The name of the witness was correctly given in the interrogatories and rule served with the notice; and we suppose the notice itself was unnecessary under our practice. Neither do we discover any valid objection to the admission of the deposition of John E. Clarke. The communications between the plaintiff below and Eastman, before the sale of the goods to A. H. Clark, relating to that transaction, and the negotiations between them and said Clark, at the time of sale, were all calculated to explain the nature of the sale,

and the person to whom credit was given, and were, therefore, we think, proper and competent evidence. They were a part of the *res gestae*.

That part of his deposition relating to the contents of the letters which had been sent by the plaintiffs to Eastman, became evidence after notice had been given Eastman to produce the originals and he had failed to do it. We do not appreciate the objection taken to the deposition upon the ground that it was not competent to prove the contents of the letters at the time the deposition was taken, because Eastman had not *then* failed or declined to produce the originals. The plaintiffs deemed it necessary to their case to show the contents of these letters—they served a notice upon Eastman to produce them at the trial, and when he declined to produce them, they were at liberty to prove their contents by any competent witness. If the witness had been in court at the time of trial, he would have been put upon the stand to prove them; but being a foreign witness, his deposition was taken for that purpose. The deposition was taken conditionally, only to be used in the event the originals were not produced in court. And we think that the deposition shows that the original letters, copies of which were given in evidence, were in the possession of Eastman.

The question raised in respect to the variance between the letter of guaranty declared on and the one offered in evidence, is one not free from difficulty. The pleader attempted to set out the letter in his declaration in *haec verba*, but in describing the letter omitted the word " may," which was in the original. The omission, however, of the auxiliary verb "may " does not in any manner change the sense or vary the meaning of the letter of guarantee, and we have therefore come to the conclusion that the variance was immaterial, and should be disregarded. We are aware that there is very high authority for the doctrine that when a party undertakes to set forth a written instrument by its tenor, or in *haec verba* his proof and averments must strictly correspond.; and that if in the recital, he varies in a word or letter, so as thereby to create a different word, it has been held a fatal variance. But there has been a

tendency for some years to relax the rule somewhat and to disregard those slight variances which could not possibly mislead or surprise the opposite party. The cases upon this point have been collated and ably commented upon in note 376, 1st part Cowen & Hill's Notes to Phil. Ev. That note can be consulted for the leading cases upon this subject. We do not apprehend that the defendant below was, or could have been misled or surprised by the variance between the language of the letter declared on and the one offered in evidence. When substantial justice has been done between the parties, it seems unreasonable to adhere too strictly to a nice rule of law to defeat it. But the most rigid rule would not exclude the evidence of the judgment against A. II. Clark in favor of Bennett, White & Co., for the reason that the plaintiffs had described it in their declaration as a judgment in favor of Bennett, White & Company. Whatever doubt there may exist as to the materiality of the variance in the letter of guaranty, there can be none that in the latter case it was immaterial.

But it is insisted that this action could not be maintained for the reason that no sufficient consideration appeared in the letter to support the contract of guaranty, and that the court improperly denied the motion for a non-suit. The letter of guaranty was in the following words:

"Fond Du Lac, Wis., Sept. 22d, 1854.

"Messrs. Bennett, White & Co., }
Quincy Market, Boston. }

"Sirs:—Mr. A. H. Clark, of this place, will purchase a "small stock of cloths and clothing of you, which I hope you "will sell to him cheap, and I have no doubt he will make you "a valuable customer. I hereby guaranty the collection of "any amount which you may credit him with, not exceeding "two thousand dollars."

Now we are clearly of the opinion that a good and sufficient consideration for the undertaking of Eastman appears upon the face of this letter. In consideration of the plaintiffs' selling Clark two thousand dollars worth of goods upon credit, he agrees and promises to become responsible for the collection of

that amount. That such a contract of guaranty is valid and binding has been held in many similar cases. See 8 J. R. 35; 11 Id. 221; 10 Wend. 218; 13 Id. 114; 12 Id. 520; 24 Id. 35; 4 Hill, 200; 4 Denio, 559; 3 Cow. R. 204; 1 Ad. and E., 57; 5 Bligh's ch. 1; 7 M. and W. 410; 9 East, 348; 1 Cowp. 242; 3 B. and B. 211; 4 C. and P. 59; 8 D. and R. 62; and we are not aware of any decision of this court which conflicts with these authorities. "There is a wide difference"—says one of the cases—"between the guaranty of an existing debt and the guaranty of a debt to be contracted upon the credit of guaranty." And it is this distinction which renders this case so clearly distinguishable from *Taylor et al. vs. Pratt*, 3 Wis. 674. It appears from the correspondence between the parties that the plaintiffs agreed to sell the goods to Clark upon credit, on condition that the defendant would guaranty the debt. The goods were really sold upon the faith and credit of this contract of guaranty, and the consideration appearing upon the face of the letter is sufficient to support the contract. It was farther insisted that the court should have nonsuited the plaintiffs for the reason that there was no evidence that they had ever given the defendant notice that they had accepted his guaranty, and acted upon it. If such a notice were necessary to fix the liability of the defendant (a question which we are not called upon in this case to decide) we think that it appears from the proof that it was given, and that the jury from the evidence would have been authorized in thus finding. Immediately after the sale of the goods to Clark, the plaintiffs mailed the letter of Oct. 6, 1854, directed to the defendant at Fond du Lac, advising him that they had acted upon his letter of guaranty. We presume the defendant received this letter by due course of mail. For he admitted to the sheriff, when called upon and notified by him that he had an execution against Clark for these goods, that he, Eastman, held a chattel mortgage on the goods in Clark's store to secure him against the amount of the execution; that he considered himself responsible, and that the plaintiffs would get their pay when the time came. Certainly these admissions and declarations fully justify the presumption

Eastman vs. Bennett.

that he knew the goods had been purchased upon the credit of his guaranty. The plaintiffs had prosecuted their action against A. H. Clark to judgment, and the sheriff had returned upon the execution issued upon this judgment, "No property found." The defendant below called the sheriff as a witness, and offered to prove by him, that at the time the execution came into his hands, and was returned by him, Clark had sufficient property to satisfy the execution. The testimony was objected to, and we think properly excluded by the court. If an officer were permitted to falsify and impeach his returns there would be no confidence in them, and a party would never know what steps to take upon them. They ought not to be open to attack in this manner. If false, the party injured has his remedy by action against the sheriff, for making a false return. See following authorities: Cro. Eliz. 872; *Gardinier vs. Hosmer*, 6 Mon. 325, and cases in the notes of Gwynn on Sheriffs, page 473, *et seq.*

The judgment of the court below is affirmed with costs.