SECOND WARD SAVINGS BANK VS. SHAKMAN and another.

30        333
61 LRA 543n

*Practice— Evidence.*

1. Where all material averments of the complaint are admitted by the answer, and new matter set up in avoidance, defendant has the affirmative, and the right to open and close.
2. Thus, in an action upon a note, against maker and endorser, where the answer admitted all the averments of the complaint, but alleged as a defense that plaintiff took title from one who had discounted the note at a usurious rate, defendant had the affirmative.
3. A judgment will not be reversed because appellant has been erroneously deprived of his right to open and close, unless there appears ground for believing that he was *injured* thereby.
4. Acts or omissions of a witness forming no part of the *res gestæ* are not admissible to confirm his testimony.
5. Thus, a member of the firm alleged to have discounted the note in suit having testified for the plaintiff that they did not discount it, but acted as defendant's agents in procuring plaintiff to discount it at a lawful rate, it was error to permit plaintiff to introduce in evidence the books of said firm (verified by the witness) to show that they were in the habit of entering all notes discounted by them, and that the note in suit was not so entered.

APPEAL from the County Court of *Milwaukee* County.

The complaint is upon a promissory note, made by the defendant *Herbst,* payable to the order of the defendant *Shakman,* at the bank of the plaintiff, and endorsed by the payee, and it contains the usual averments of protest, non-payment, and of the ownership of the note, by the plaintiff.

The defendants, in their answers, do not deny any of the material allegations of the complaint, but they allege that *Shakman* was an accommodation indorser; that before the note came into the possession of the plaintiff, it was discounted by the firm of Auer & Velten, at an usurious rate of interest, to-wit, thirty per centum per annum, and that Auer & Velten afterwards transferred the note to the plaintiff.

On the trial of the action, and immediately after the jury were sworn, the defendants demanded the right to open the case to the jury, to first introduce their proofs, and to open and close the argument. The court overruled such claim and held that those rights belonged to the plaintiff.

The plaintiff then introduced in evidence the note described in the complaint, and a certificate of the protest thereof, and rested. The defendants then introduced testimony tending to prove the allegations of their answers. Thereupon the plaintiff offered testimony tending to show that Auer & Velten procured the plaintiff to discount the note for *Herbst*, and at his request, they acting in that behalf as the agents of *Herbst*, that they indorsed the note at his request, that the plaintiffs discounted it at a lawful rate of interest, and paid the proceeds to Auer & Velten, who paid over the same to *Herbst*, and that thereupon *Herbst* paid to Auer & Velten a commission for their services in the matter as his agents.

Louis Auer, one of the witnesses called by the plaintiff to prove the foregoing facts, and one of said firm, testified on his direct examination, that his firm kept in their business a bill book, in his handwriting, in which was entered all notes discounted by the firm, and the witness produced and identified such book.

He was thereupon asked by counsel for the plaintiff if the note in suit was entered in said book by Auer & Velten. The defendant's counsel objected to the question as irrelevant, incompetent and immaterial, but the objection was overruled by the court, and the witness answered that the note was not en-

tered in said book as discounted by Auer & Velten, and was not entered in the book at all.

The plaintiff had a verdict for the amount due upon said note by the terms thereof, upon which verdict judgment for the plaintiff was afterwards duly entered. The defendants have appealed from such judgment to this court.

*Jenkins & Elliott*, for appellants, to the point that the court erred in awarding to respondent the affirmative of the issue and the opening and closing arguments to the jury, cited *Marshall v. American Express Company*, 7 Wis. 1; *Central Bank of Wisconsin v. St. John*, 17 Wis., 157; *McLaren v. Kehlor*, 22 Wis., 297. To the point that the court erred in admitting the evidence of the non-action of the witness Auer in corroboration of his testimony, counsel cited *Young v. Miles*, 20 Wis., 615.

*Austin & Wallber*, for respondent, argued that the question as to which party should open the case was properly one of practice, resting largely in the discretion of the court, and that the exercise of such discretion afforded no ground for a new trial or reversal of judgment, citing *Marshall v. American Express Co.*, 7 Wis., 1, 18; *Central Bank of Wisconsin v. St. John*, 17 Wis., 157, 166; *Fry v. Bennett*, 28 N. Y., 324, 329; *People v. Cook*, 8 N. Y., 67, 77; *Geach v. Ingall*, 14 M. & W., 99.

LYON, J. I. The defendants were clearly entitled to first introduce their proofs and to open and close the argument. The answers admitted every traversable averment of the complaint, and in the absence of any testimony, the plaintiff would have been entitled to judgment, upon the pleadings, for the amount of the note. The only issue was that made by the new matter stated in the answers by way of avoidance, and the defendants had the affirmative of that issue, and were entitled to all of the rights necessarily resulting therefrom.

Their claim in that behalf should, therefore, have been allowed. But it does not necessarily follow that, because the court erroneously denied such claim, the judgment must be

reversed. In the case of the *Central Bank of Wisconsin v. St. John*, 17 Wis., 157, the Chief Justice says, that a mistake in this respect is no cause for a new trial, unless injustice is shown to have resulted from it, (p. 166). Such is, doubtless, the correct rule. It cannot be reasonably inferred from anything contained in the record of this case, that the defendants were in any manner prejudiced or injured by the error complained of. It follows that the judgment should not be reversed because of such error.

II. Did the court err by allowing the witness, Auer, to answer the question propounded to him on his direct examination, by the plaintiff's counsel, as to whether the note in suit was entered in the bill book of his firm, kept and produced by him, and after the witness had testified that all notes discounted by his firm were entered therein?

Before the question concerning the contents of the bill book was put to the witness, he had given testimony tending to show that his firm did not discount the note. The testimony elicited by that question was no part of the *res gestae*, and if admissible at all, it was only admissible because it tended to corroborate the witness, and thus to strengthen his testimony on the material point in issue in the action. The precise question to be determined is, therefore, whether, for the purpose of increasing or strengthening the credibility of a witness in the estimation of the jury, the party calling him may show that such witness omitted to do certain things, which, had he done them, would tend to show that his testimony is untrue. The principle would doubtless be the same, were it proposed for the same purpose, and under the same circumstances, to prove that the witness did certain acts, the doing of which was consistent with his testimony. As, for example, had the proposition been to prove by the witness that about the time the note was discounted, he stated to divers persons that his firm did not discount it, but only acted as the agents of the defendant *Herbst*, in procuring the plaintiff to do so.

Of course, on cross-examination it is competent to interrogate the witness as to what he has said or done or omitted to do, in regard to the transactions concerning which he has given testimony, and this for the purpose of laying a foundation for the introduction of impeaching testimony, should the witness testify untruly. But we know of no rule of evidence, and the learned counsel for the plaintiff has failed to direct our attention to any such rule, which permits a party on the direct examination of his own witness, to show acts or omissions of the witness which are not of the *res gestae*, merely for the purpose of strengthening his testimony with the jury. Without multiplying illustrations, it is not difficult to foresee that the adoption of such a rule of evidence would lead to great inconveniences and even absurdities in practice, by opening a door for the introduction of numberless side issues in all litigated trials, which are now excluded by the application of wholesome and logical rules.

We think that the testimony under consideration should have been rejected, and because we cannot say that the defendants were not injured by it, there must be a new trial.

It is urged by the counsel for the plaintiff that had not the question objected to been asked by them, the jury might have inferred that the note was entered in the bill book, greatly to the disadvantage of the plaintiff. I think that had the learned counsel tendered the book to the opposing counsel for examination, and to be put in evidence by them if they thought proper to do so, the difficulty which they suggest would have been obviated.

*By the Court*—Judgment reversed and *venire de novo* awarded.