## DAHLMAN VS. HAMMEL.

PRACTICE.   *(1) When plaintiff has affirmative.*
GUARANTY.   *(2) When consideration sufficiently expressed.   (3) What constitutes a valid consideration.*

1.  The question which party holds the affirmative, is to be determined by the pleadings; and in an action upon a guaranty of promissory notes, where the answer denied any indebtedness of the makers to the payees at the time of the giving of the notes, plaintiff had the affirmative of that issue, and was properly allowed to open and close.
2.  The words "for value received," in a guaranty, sufficiently express the consideration within the statute of frauds.   *Day v. Elmore,* 4 Wis., 190.
3.  The consideration of a guaranty need not pass between the parties to it, but it is enough if a benefit arises to the party *for whom* the guaranty is given; and forbearance or extension of credit on a previous indebtedness is sufficient.   *Eastman v. Bennett,* 6 Wis., 232.

APPEAL from the Circuit Court for *Calumet* County.

Defendant appealed from a judgment in favor of the plaintiff.   The case is sufficiently stated in the opinion.

For the appellant, there was a brief by *Hudd & Wigman,* and oral argument by *Mr. Hudd.*

For the respondent, there was a brief by *Johnson & Rietbrock,* and oral argument by *Mr. Johnson.*

ORTON, J.   This action was brought on the following guaranty, executed by the appellant:   "For value received, I hereby guaranty the payment of the following promissory notes given by M. Kalm & Co. to Anthony Dahlman & Co."

This is followed by a description of four notes, of different amounts, payable in four, five, seven and eight months.

The appellant, in his answer, denies the copartnership of Kalm & Co., and their indebtedness to Dahlman & Co., and the giving of the notes, and sets up, in effect, that the guaranty was given upon the false and fraudulent representations of one Horst, the agent of Dahlman & Co., that Kalm & Co. had ordered or requested the appellant to indorse and become responsible for said notes in payment and settlement of the account of Kalm & Co. to Dahlman & Co., and that such account had been settled by the giving of said notes upon the understanding that the appellant should guaranty the same; and that the appellant, relying upon said representations, and believing the same to be true, made said guaranty; and further, that said agent Horst, at the time, knew· that Kalm & Co. were insolvent and about to go into bankruptcy, and fraudulently concealed the same from the appellant, who had no such knowledge; and that the guaranty was without consideration.

On the trial, the appellant admitted the copartnership of Kalm & Co., and thereupon claimed the affirmative of the issue, which the court refused to allow, and the appellant excepted, and the respondent then introduced the notes and the guaranty in evidence, and rested.

Upon the pleadings, which, according to the authorities cited by the learned counsel of the appellant, must furnish the test as to which party holds the affirmative, it clearly belonged to the respondent; for, in consequence of the denial in the answer, it was incumbent upon him to prove the original indebtedness by the notes. *Second Ward Savings Bank v. Shakman*, 30 Wis., 333.

The answer, aside from this, presented but two issues: 1st. The obtaining of the guaranty by fraudulent representations and concealment. 2d. The want of consideration. On both of these questions the evidence was full and contradictory, and we think none of it offered was improperly excluded.

The learned counsel of the appellant presented and re-

quested twenty special issues of fact to be submitted to the jury; and the court, although not submitting them as they were drawn, prepared and submitted twenty-four special issues, which we think substantially embraced the same matters; and the jury returned a verdict answering each separate question substantially favorably to the respondent, and, upon being polled, reäffirmed such findings.

The case comes to this court upon forty-five exceptions, and it appears to have been fully, carefully and very elaborately tried and submitted to the jury; and the jury seems to have considered and passed upon every fact material to the above issues.

Upon the first of said issues, the jury found that neither the respondent nor any of his agents, at the time the guaranty was made, represented that Kalm & Co. requested the appellant to secure the notes, or authorized the agent Horst to ask the appellant to guaranty the same, or knew of the insolvency or impending bankruptcy of Kalm & Co., or concealed such fact from the appellant.

On the second issue or question, of the consideration of the guaranty, the jury found that the appellant made said guaranty for the purpose of inducing the respondent to accept the notes as a settlement of the account of Kalm & Co., and to give them the time mentioned in the notes; that respondent or his agent threatened legal proceedings against said Kalm & Co. if the appellant did not indorse or guaranty the notes; and that he told the appellant before he signed the guaranty, that if he did not secure the notes, steps would be taken to collect the accounts.

The words "for value received," in a guaranty, sufficiently express the consideration required by the statute of frauds. *Day v. Elmore*, 4 Wis., 190; *Watson v. McLaren*, 19 Wend., 557, and other cases cited in the opinion in *Day v. Elmore.* The consideration of a guaranty need not pass between the parties to it. It is enough if a benefit arises to the party *for whom* the guaranty is given; and forbearance and extension of credit on the original indebtedness is sufficient. *Eastman*

*v. Bennett,* 6 Wis., 232; *Bickford v. Gibbs,* 8 Cush., 156; *Williams v. Marshall,* 42 Barb., 524; Fell's Law of Guaranty, 27, and notes. This finding of fact is conclusive in favor of a valid consideration of the guaranty.

There does not appear any such clear preponderance of the evidence as will justify this court in reversing these findings of the material facts against the defense set up in the answer.

*By the Court.* — The judgment of the circuit court is affirmed, with costs.

RYAN, C. J., took no part.