Young and another vs. Brown.

*October 21 — November 3, 1881.*

GUARANTY *of payment by others construed.*

1. Defendant's written agreement, signed by himself, in terms guaranties payment "for all goods F. F. of Neenah and H. F. of Menasha may buy from *B. Young & Son.*" *Held,* that this guaranty sufficiently expresses the consideration (viz., the sale and delivery of goods upon credit by *B. Young & Son* to the two persons named), and is valid. *Eastman v. Bennett,* 6 Wis., 232, followed and approved.

2. Such guaranty covers goods purchased by either F. F. or H. F., as well as goods purchased by them jointly.

3. On its face, in the absence of further evidence, the guaranty appears to be a *continuing* one, and not limited to the first sale of goods made on the faith of it.

APPEAL from the Circuit Court for *Winnebago* County.

Action to recover of the defendant, as guarantor, a balance due the plaintiffs on an account for goods sold by them to Ferdinand Faas. The complaint alleges that the goods were sold and delivered solely on the faith and credit of a letter of credit theretofore made and delivered to the plaintiffs by the defendant, which letter is as follows:

"NEENAH, WIS., April 16, 1878.

"I, the undersigned, hereby guaranty payment for all goods Ferdinand Faas, of Neenah, and Henry Faas, of Menasha, Wisconsin, may buy from *B. Young & Son,* wholesale saddlery, hardware and leather, 257 East Water street, Milwaukee, Wisconsin. THEODORE BROWN."

The plaintiffs appealed from an order of the court sustaining a general demurrer to the complaint.

The cause was submitted for the appellants on the brief of *G. W. Hazelton.* To the point that the guaranty was not invalid under the Statute of Frauds, he cited *Sears v. Loy,* 19 Wis., 96; *Houghton v. Ely,* 26 id., 181; *Union Bank v. Coster's Ex'rs,* 3 N. Y., 209; *Simons v. Steele,* 36 N. H., 81; *Russell v. Moseley,* 3 Brod. & Bing., 211; *Egerton v. Mathews,* 6 East, 307; *Stadt v. Lill,* 9 id., 348; *Bateman v. Phillips,* 15 id., 272; *Morris v. Stacey,* 1 Holt N. P. C., 154.

*W. F. McArthur,* for respondent, argued that the demurrer was rightly sustained, 1. Because the contract of guaranty failed to express the consideration, and was void under the Statute of Frauds. *Taylor v. Pratt,* 3 Wis., 674; *Parry v. Spikes,* 49 id., 384; *Wyman v. Goodrich,* 26 id., 21; *Hutson v. Field,* 6 Wis., 407; *Champion v. Doty,* 31 id., 194; *Matthews v. Milton,* 4 Yerg., 576; *Skinner v. Conant,* 2 Vt., 453. 2. Because, independently of the statute, it was mere *nudum pactum.* 3. Because, if valid, it was only a guaranty for payment of goods which Ferdinand and Henry Faas might buy, and not for such as might be bought by Ferdinand individually. 4. Because it is not alleged that *Brown* was notified of an acceptance of the guaranty and shipment of goods to Faas.

LYON, J. The letter of credit upon which the action is founded, is a special promise to answer for the debt of another, and, unless it expresses the consideration therefor, is void. R. S., 654, sec. 2307. It is not necessary that the consideration be precisely and formally expressed. In *Day v. Elmore,* 4 Wis., 190, the use of the very indefinite formula, "for value received," was held sufficient. All that the statute requires is, that the consideration shall appear by necessary implication from the terms of the written instrument. See Brandt on Suretyship, 93, and cases cited in note 1 to section 70. It

seems to us to be too clear for argument or controversy, that the consideration for the guaranty in suit appears in the instrument by necessary and inevitable implication from its terms. It is, that if the plaintiffs will sell and deliver goods to Faas & Faas upon credit, the defendant will guaranty payment of the price. .Had the instrument been drawn in that form, there could be no doubt of the defendant's liability upon it. Such being its substance and legal effect, he is equally liable upon it in its present form.

⸰This case is not distinguishable from that of *Eastman v. Bennett*, 6 Wis., 232, in which a guaranty substantially like the one in suit was held valid. ⸰Had we any doubt of the validity of this guaranty, we should hold it valid on the authority of that case, the rule of which has stood unquestioned for nearly a quarter of a century. It must be regarded as the settled law, and, for reasons stated by the present chief justice in *Parry v. Spikes*, 49 Wis., 384, it should not now be disturbed. We do not doubt, however, that *Eastman v. Bennett* was correctly decided on principle.

We are also of the opinion that the guaranty covers goods purchased of the plaintiffs either by Ferdinand or Henry Faas, as well as by them jointly. If the defendant desired to limit his liability to goods purchased jointly by them, he should have so expressed it. It must be held, therefore, that the instrument of guaranty sufficiently expresses the consideration therefor, and that by virtue of it the defendant may be held for the debt of Faas to the plaintiffs.

The learned counsel for the appellant maintains that the letter of credit, although unlimited as to time or amount of credit, should not be held to extend beyond the first sale of goods made on the faith of it. A case which bears directly upon this position is that of *Rogers v. Warner*, 8 Johns., 119, in which such construction was given to a similar instrument. But the case goes, in part at least, upon the subsequent course of business between the parties, which the court was of the

opinion showed that the creditors did not understand they held a continuing guaranty. Whether there are any circumstances in this case, admissible in evidence, which might show that the guaranty was understood by the parties to be limited in any way, does not appear on the face of the complaint, and we cannot look beyond that on demurrer. If such circumstances should be proved on the trial, the court can then determine their effect. All we can say on this appeal is, that on its face the guaranty appears to be a continuing one, and to cover the demand in suit. On the subject of continuing guaranties, see Brandt on Suretyship, ch. 5, and the cases there cited.

We conclude that the complaint states a cause of action, and that the demurrer thereto should have been overruled.

*By the Court.*— Order reversed, and cause remanded for further proceedings according to law.