JANSEN, Respondent, vs. KUENZIE, imp., Appellant.

*February 21—March 14, 1911.*

*Bills and notes: Additional signatures after maturity: Consideration: Statute of frauds.*

One who, after maturity of a note executed by another person and in consideration of the extension of the time for payment, signs the same as maker, thereby adopts the terms of the note and becomes bound by it,—the recital in the note, "for value received," being a sufficient compliance with the statute of frauds (sec. 2307, Stats. 1898) as to expressing the consideration.

APPEAL from a judgment of the circuit court for Dodge county: MARTIN L. LUECK, Circuit Judge.   *Affirmed.*

This action was brought against *G. M. Kuenzie,* appellant, and Louis N. Meyer and Xavier Maier, defendants, upon a promissory note for $300 made and executed by the defendant Louis N. Meyer on the 30th day of December, 1900, pay-

able one year after date with six per cent. interest. The interest was paid and indorsed upon the note until December 9, 1905, at which latter date plaintiff pressed for payment and the defendant Louis N. Meyer asked for an extension of one year, which plaintiff promised to give provided said Louis N. Meyer would obtain additional signers. Xavier Maier and appellant signed the note under the name of the original maker, Louis N. Meyer, and at his request. After the expiration of the year from the time of the signing by the appellant and Xavier Maier this suit was brought against the three signers, Louis N. Meyer, Xavier Maier, and the appellant, *G. M. Kuenzie*. *Kuenzie* appeared and defended on the ground that there was no consideration for his signature and that no new consideration in fact passed at the time of signing the note. The case was tried by the court without a jury and the following findings made:

"(1) That on the 30th day of December, 1900, at Waupun, Wisconsin, the defendant Louis N. Meyer made his promissory note in writing dated on that day, and thereby promised to pay to the plaintiff the sum of three hundred ($300) dollars one year after date, with interest at the rate of six per cent. per annum until paid.

"(2) That during the month of December, 1905, the defendants Xavier Maier and *G. M. Kuenzie* signed the promissory note executed by Louis N. Meyer and bearing date on the 30th day of December, 1900, and thereby promised to pay to the plaintiff the sum of three hundred ($300) dollars, according to the terms of said note.

"(3) That no part of said note has been paid, except the payments of interest, as appears from the indorsements on the back of said note."

And as conclusions of law the court found:

"(1) That the defendants, Louis N. Meyer, Xavier Maier, and *G. M. Kuenzie,* are indebted to the plaintiff on said note for the sum of three hundred ($300) dollars, together with the unpaid interest due on same."

Judgment was rendered for the plaintiff in accordance with the findings in the sum of $300, together with interest and costs, from which judgment this appeal was taken.

For the appellant there was a brief by *Skinner & Thauer,* and oral argument by *Nicholas Thauer.*

*James Murray,* for the respondent.

KERWIN, J.   It is insisted on the part of the appellant that his signature to the note in question was not binding upon him, but was void under the provisions of sec. 2307, Stats. (1898), because it was a special promise to answer for the debt, default, or miscarriage of another, not in writing expressing the consideration and subscribed by the party to be charged therewith.   It is argued that, the note being a valid obligation when originally made and signed by Louis N. Meyer, it could not afterwards by the signature of the appellant become his contract and binding upon him.   We do not think the position is well taken.   The note upon its face recited that it was given for value received and was in compliance with all the provisions of the statute, which require the agreement to pay the debt of another to be in writing expressing the consideration and signed by the party to be charged.   The consideration "for value received" was recited in this note, and that is a sufficient compliance with the statute as to expressing consideration.   *Day v. Elmore,* 4 Wis. 190; *Sears v. Loy,* 19 Wis. 96; *Houghton v. Ely,* 26 Wis. 181, 189; *Dahlman v. Hammel,* 45 Wis. 466; *Young v. Brown,* 53 Wis. 333, 10 N. W. 394.

The signature of the appellant to this note amounted to an adoption of the terms of the note including the recital "for value received," therefore was a valid binding contract. Moreover the evidence is ample to support a finding that the time for payment of the note was extended one year in consideration of the additional signatures.   It is true the court

below did not find directly that the time was extended one year, but did find that Xavier Maier and the appellant signed the note during the month of December, 1905, which note bore date December 30, 1900, "and thereby promised to pay to the plaintiff the sum of three hundred ($300) dollars according to the terms of said note." The writing signed by the appellant was sufficient compliance with the statute, and the evidence shows that there was an extension of time for the payment of the note in consideration of the signatures of appellant and Xavier Maier. It follows that the judgment below must be affirmed.

*By the Court.*—The judgment is affirmed.