INTERNATIONAL TEXTBOOK COMPANY, Respondent, vs. MAB-
BOTT, Appellant.

SAME, Appellant, vs. SAME, Respondent.

*December 11, 1914—January 12, 1915.*

*Guaranty: Consideration: Infants: Disaffirmance of contract: Liabil-
ity of guarantor: Ignorance as to terms: Notice of acceptance:
Waiver: Extension of time of payment: Notice of default of prin-
cipal: Foreign corporations: Correspondence school: Interstate
commerce.*

1. A written contract of guaranty stating that it is "for value re-
ceived," and clearly made for the benefit of the principal con-
tractor, is supported by a legal consideration.

2. The rule that the liability of the principal debtor measures and
limits the liability of the guarantor, does not obtain where the
principal is an infant or otherwise incapacitated to contract and
the guarantor knows thereof.

3. Thus, although an infant disaffirmed his contract to pay in instal-
ments the price of a scholarship in a correspondence school, one
who absolutely guaranteed the payment of such price in accord-
ance with the terms of the contract is liable on such guaranty;
and his liability is not limited to the amount due at the time of
disaffirmance by the infant.

4. Where in such case the guarantor was not induced to sign the
guaranty by any active misrepresentation, and immediately be-
low his signature was a printed statement showing a plain in-
tent that he was to assume an absolute obligation for a minor,
mere ignorance of the contents of the writing or of the fact that
the principal contractor was a minor would not relieve the guar-
antor from his obligation.

5. A guarantor may by a stipulation in the contract waive notice of
the acceptance of his guaranty.

6. Where the contract of guaranty is an absolute and direct promise
to pay if the principal debtor does not, so that upon acceptance
the agreement is complete, the guarantor is not entitled to no-
tice of acceptance.

7. Nor under such a contract need the guarantor be notified of a de-
fault by the principal debtor.

8. Mere indulgence to the principal debtor by a collector who had no
authority to extend the time for payment, is not such an exten-
sion as would release a guarantor.

9. A contract made in this state with a foreign corporation to pay for a course of instruction in a correspondence school located in another state, is one pertaining to interstate commerce, and may be enforced although the foreign corporation is not licensed, under sec. 1770b, Stats., to do business in this state.

APPEALS from a judgment of the circuit court for Douglas county: W. J. TURNER, Judge. *Modified and affirmed.*

The action is to recover the unpaid part of the contract price for a course of instruction in the correspondence school of the plaintiff. It is brought against the defendant as guarantor of an infant's contract.

The principal contract was made with one Clarence Johnston. He and plaintiff's agent requested *Mabbott* to sign as guarantor for Johnston. *Mabbott* testified that he was very busy at the time and did not pay much attention to it, but signed the contract as requested. The contract, dated March 16, 1912, was for a course of instruction in the plaintiff's correspondence school for which Johnston was to pay $53.55,—$5 down and $3 every month thereafter until the contract price was paid. Johnston paid the $5 down and one instalment of $3. Thereafter no more was paid.

At the trial in the justice's court the action was brought against Johnston and *Mabbott.* Johnston interposed the plea of infancy and disaffirmed the contract. The action was dismissed as to him upon proof of his infancy. The action was then prosecuted against the defendant *Mabbott* only, and by the judgment in the justice's court the action was dismissed. *Mabbott* testified that he did not know and was not informed that Johnston was an infant and that he did not read the paper.

A trial was had in circuit court upon appeal and judgment was entered for the plaintiff for the amount due on the contract up to the time Johnston disaffirmed the contract in justice's court, namely, the sum of $36, with interest and costs. From this judgment both parties appealed.

*H. G. Pickering,* for the plaintiff.
*Victor Linley,* for the defendant.

SIEBECKER, J.   The defendant avers that he is not liable on the contract of guaranty and asserts several different grounds to sustain his claim.

1. He asserts that the contract is not supported by any legal consideration.   This position is untenable for the reason that the written guaranty subscribed by the defendant expresses on its face that it is based on a valuable consideration.   It also clearly appears that the giving of the guaranty was clearly for the benefit of Johnston, the principal contractor.   The consideration is clearly shown.   *Dahlman v. Hammel,* 45 Wis. 466; *Young v. Brown,* 53 Wis. 333, 10 N. W. 394; *Jansen v. Kuenzie,* 145 Wis. 473, 130 N. W. 450.

2. It is claimed that defendant is not liable because it was shown that Johnston was a minor when the contract was made and that he refused to be bound by the contract after payment of the first monthly instalment of $3 and that he disaffirmed the contract soon thereafter.   What steps were in fact taken by Johnston in disaffirmance of the contract are immaterial under the contract here involved and need not be further considered.   It appears that the contract of guaranty was required by the plaintiff to secure payment of the price of the scholarship in accordance with the terms of Johnston's subscription, because Johnston was a minor.   The contract of guaranty in its terms is an absolute promise by the defendant for a valuable consideration to pay the price of the scholarship in case of Johnston's default.   While it is the general rule in such cases that the liability of the principal debtor measures and limits the liability of the guarantor, this rule does not obtain universally.   One of the exceptions to the rule is where the principal contractor is an infant.   This and other instances where the principal contractor is incapacitated to contract are excepted from the general rule for the reason

that want of capacity of the principal to contract is the very reason for requiring that some party capable of assuming the obligation become a party thereto to secure its due performance if the party legally incapacitated to assume it omits to perform.    The rule is aptly stated in *Winn v. Sanford,* 145 Mass. 302, 14 N. E. 119:

"Where one becomes a surety for the performance of a promise made by a person incompetent to contract, his contract is not purely accessorial, nor is his liability necessarily ascertained by determining whether the principal can be made liable.    Fraud, deceit in inducing the principal to make his promise, or illegality thereof, all of which would release the principal, would release the surety, as these affect the ·character of the debt; but incapacity of the principal party promising to make a legal contract, if understood by the parties, is the very defense on the part of the principal which the surety assures the promisee."    *Gates v. Tebbetts* (83 Neb. 573, 119 N. W. 1120) 20 L. R. A. N. S. 1000, note.

The transaction in question is clearly within this rule, and defendant may ·be held to his obligation in all its parts, though Johnston was a minor and refused to perform.

It is urged that the defendant was ignorant of Johnston's. minority and hence should be relieved from the contract obligation.    There is no claim made of active misrepresentation by either the plaintiff or Johnston to induce the defendant to sign the guaranty.    At the foot of the guaranty contract and immediately below the signature of defendant is printed this: "Any student not of age who· enrolls on the instalment plan must have the above guaranty signed by parent, guardian, employer or other responsible party of legal age."    This shows a plain intent that the· guarantor was to assume the obligation absolutely for' the minor.    The claim that the defendant, under the circumstances of haste, was excused from reading the contract or making inquiry of plaintiff's agent and Johnston as to the nature of the contract and his obligations as guarantor, is not supported by the evi-

dence.   It was his duty to know the contents thereof.   Mere ignorance of its contents, under the circumstances of the case, does not permit defendant to avoid the obligation he assumed by signing it.   *Mamlock v. Fairbanks,* 46 Wis. 415, 1 N. W. 167; *Bostwick v. Mut. L. Ins. Co.* 116 Wis. 392, 89 N. W. 538, 92 N. W. 246; *Van Beck v. Milbrath,* 118 Wis. 42, 94 N. W. 657.

3. It is contended that the defendant never became bound by the guaranty because notice of acceptance thereof was not given him.   It is sufficient to call attention to the stipulation in his contract that he waived notice of the acceptance of the guaranty.   This stipulation is binding on the defendant. *Crittenden v. Fiske,* 46 Mich. 70, 8 N. W. 714; *Swisher v. Deering,* 104 Ill. App. 572; *Hughes v. Roberts, J. & R. S. Co.* 24 Ky. Law Rep. 2003.   It is also to be observed that the contract is an absolute and direct assumption by defendant to pay the price of the scholarship.   There was nothing left to be done by the parties to complete the agreement aside from the acceptance by the plaintiff.   When so accepted the agreements were complete.   Contracts of guaranty like other agreements become binding upon the parties when they have mutually assented thereto.   There is nothing in the agreements of these parties indicating any condition upon which the guaranty should become binding.   On the other hand, every fact and circumstance of the transaction and the terms of the guaranty show an intent to make it an absolute agreement when signed and delivered.   A guarantor under such a contract is not entitled to notice of acceptance.   *Nading v. McGregor,* 121 Ind. 465, 23 N. E. 283; *Klosterman v. Olcott,* 25 Neb. 382, 41 N. W. 250; *Lachman v. Block,* 47 La. Ann. 505, 17 South. 153; *Davis S. M. Co. v. Richards,* 115 U. S. 524, 6 Sup. Ct. 173.   See note to *William Deering & Co. v. Mortell* (21 S. Dak. 159, 110 N. W. 86) 16 L. R. A. N. S. 353.

4. The claim that the defendant was released by an extension of the time of payment of the instalments granted to

Johnston by the plaintiff is not sustained by the evidence. The evidence does not establish that the party who called on Johnston for payment had any authority to grant him an extension of time of payment. The facts and circumstances in evidence do not show that an extension of time was in fact agreed upon. Mere indulgence to Johnston by the collector cannot be held to amount to an agreement to extend the time of payment. *Stephens v. Elver,* 101 Wis. 392, 77 N. W. 737; *Grafton v. Hinkley,* 111 Wis. 46, 56–58, 86 N. W. 859; *Benjamin v. Hillard,* 23 How. (64 U. S.) 149.

5. It is also contended that the defendant is not liable on the contract for want of giving him notice of the principal's default on the contract. The nature of this contract has been sufficiently adverted to. It is an absolute promise by the guarantor. In *Hubbard v. Haley,* 96 Wis. 578, 71 N. W. 1036, this court, in view of a conflict of authorities on the subject, adopted the rule that no notice of the default of an original promisor is required to be given a guarantor of absolute payment or performance to render him liable on the guaranty.

6. The contention that the plaintiff cannot enforce this contract because it is a foreign corporation and has not complied with sec. 1770*b,* Stats., in securing a license to transact business in this state, is not sustained. The case of *International Textbook Co. v. Peterson,* 146 Wis. 119, 130 N. W. 1134, shows that the holding of this court that such a license is required was reversed by the federal supreme court and that the plaintiff can enforce its contract as one pertaining to interstate commerce, and it is not affected by sec. 1770*b,* Stats.

7. The plaintiff appeals from the judgment of the trial court upon the ground that the court erred in limiting the amount of its recovery to $36 damages, and claims that it was entitled to recover the whole amount of the unpaid purchase price of the scholarship fixed by the contract. There is no dispute that the amount of the unpaid balance of the

Best v. Great Northern R. Co. 159 Wis. 429.

contract price is $45.55.   It seems that the trial court took the view that defendant's liability was limited to an amount due on the contract from Johnston at the time he disaffirmed the contract.   The trial court evidently concluded that such disaffirmance was established as of the time of the trial in the justice's court and found that $36 was then due from Johnston and limited recovery accordingly.   We have seen that this is not a correct interpretation of the contract of guaranty and that defendant is liable for the whole amount due plaintiff under the contract of scholarship.   Under the facts and circumstances shown the whole contract price is due.   This necessitates a modification of the judgment by striking out the words and figures "thirty-six dollars ($36)" and inserting in lieu thereof "forty-five and 55-100 dollars ($45.55)," and striking out the words and figures "two and 28-100 dollars ($2.28) interest on said thirty-six dollars" and inserting in lieu thereof "five and 58-100 dollars ($5.58) interest on said forty-five and 55-100 dollars," and also striking out the words and figures "ninety-five and 69-100 dollars" and inserting in lieu thereof "one hundred eight and 60-100 dollars."   As so modified the judgment is affirmed.

*By the Court.*—It is so ordered.