HOLMES and another, Respondents, vs. WEBB and another, imp., Appellants.

*October 27—November 13, 1917.*

*Bills and notes: Guaranty of payment: Consideration: Extension of time: Pleading: Striking out frivolous answer: Motion costs: Improper inclusion in judgment: Harmless error.*

1. An extension of the time for payment of a pre-existing debt by the taking of a promissory note therefor was a sufficient consideration for a guaranty by third persons of the payment of such note, where the contract of guaranty, stating that it was "for value received," was indorsed upon the note before its delivery.

2. Where in an action upon such note and contract the pleadings showed that the note was given for a pre-existing debt, but stated no fact showing that such debt was not at the time due and payable, the law presumes that it was then due and payable and that the taking of the note was an extension of the time for payment; and an answer by the guarantors alleging that at the time of the giving of the note no new, other, or further obligation was incurred by the maker and denying that said guarantors at any time received any consideration whatever for the execution of said guaranty contract, was properly stricken out as frivolous.

Holmes v. Webb, 166 Wis. 280.

3. Absolute motion costs allowed to plaintiffs under sec. 2924, Stats., on striking out an answer as frivolous could not properly be included in a judgment rendered for plaintiffs upon defendants' failure to amend the answer. Payment of such costs should be enforced under sec. 3479.

4. The improper inclusion of absolute motion costs in the final judgment in this case was not a prejudicial error, the defendants' obligation to pay such costs to plaintiffs not having been varied thereby.

ESCHWEILER and KERWIN, JJ., dissent.

APPEAL from a judgment and an order of the circuit court for Winnebago county: GEO. W. BURNELL, Circuit Judge. *Affirmed.*

This is an action to recover the amount of two promissory notes given by the Wisconsin Grain and Fuel Company to the plaintiffs, together with the costs of the action.

These notes were given by the Wisconsin Grain and Fuel Company for a pre-existing debt it owed the plaintiffs, *Holmes* and *Hertzberger,* doing business as the Holmes-Hertzberger Fuel Company. Before delivery the notes were guaranteed by the defendants *James H. Webb* and *F. J. Barber* in the following terms:

"For value received, we severally guarantee the payment of the within note at maturity, or at any time thereafter, with interest at the rate of six per cent. per annum, and hereby waive demand, notice of nonpayment, and protest."

The defendants *James H. Webb* and *F. J. Barber* answered separately as to each cause of action stated in the complaint, alleging, "each for himself denies that for a valuable consideration he guaranteed the payment of the note . . . by indorsing thereon the words of the guaranty," and deny that there is anything due these plaintiffs from the defendants. They allege also:

"For a further defense these defendants severally say, each for himself, that the said note was given by the defendant, the Wisconsin Grain and Fuel Company, to the Holmes-Hertzberger Fuel Company, for a pre-existing debt, and that

at the time of the giving of said note no new, other, or further obligation was incurred by said defendant, the Wisconsin Grain and Fuel Company, by reason of the giving of said note or on account of the guaranty of payment executed by the defendants *James H. Webb* and *F. J. Barber,* and denies that said defendants or either of them, at the time or at any other time, received any consideration for the execution of the said guaranty contract whatever."

The court, on motion of the plaintiffs, entered an order striking out the answer of *Barber* and *Webb* as frivolous, with leave to serve an amended answer within ten days after service of such order upon payment of $10 costs of motion. The order also provided that if the defendants failed to do so the plaintiffs could have judgment for the relief demanded in the complaint, with costs of the action and $10 costs of motion. The defendants failed to serve an amended answer. Judgment was rendered against them for damages and costs and the $10 motion costs, amounting to $610.60. The defendants *Webb* and *Barber* appeal from the judgment and from the order striking out their answer.

*Charles H. Forward* of Oshkosh, for the appellants.

For the respondents the cause was submitted on the brief of *Edgar Melzer* and *Bouck, Hilton, Kluwin & Dempsey,* all of Oshkosh.

SIEBECKER, J.    The trial court's order that the defendants' answer be stricken out as frivolous and granting leave to the defendants to serve another answer was not followed by the defendants by answering over and judgment was entered against all the defendants.

The defendants *Webb* and *Barber,* appellants in the action, contend that the court erred in striking out their answers as frivolous. It is urged that the allegation of their answer is sufficient to show the guaranty of the notes signed by them is void for want of a consideration. We are cited to *Jenkins v. Schaub,* 14 Wis. 1, and other cases recognizing

that a want of consideration is a defense in contracts of this nature. Sec. 1675—51, Stats. 1915, provides: ". . . An antecedent or pre-existing debt, discharged, extinguished or extended, constitutes value." It was held in the case of *Day v. Elmore,* 4 Wis. 190, that the consideration of a contract of guaranty to be expressed in writing is not required to state the actual amounts received, and that the words "for value received" are sufficient to meet the calls of the statute.

In *Dahlman v. Hammel,* 45 Wis. 466, it is declared: "The consideration of guaranty need not pass between the parties to it. It is enough if a benefit arises to the party *for whom* the guaranty is given, and forbearance and extension of credit on the original indebtedness is sufficient." The facts alleged in the complaint and the answers of the defendants show that the trial court correctly held that the guaranty of *Webb* and *Barber* is not void for want of a consideration. These pleadings show that the notes in question were given for a pre-existing debt. There is no fact pleaded to show that the pre-existing debt was not due and payable at the date the notes sued on were given. Under the facts alleged the law presumed that it was due and payable. The record discloses that the defendants were given an opportunity to plead any facts showing that the giving of the notes was not an extension of the time of payment of the debt and thus show a want of consideration, but the defendants elected not to answer further on the subject. It is considered that the trial court's ruling is sustained upon the grounds that the facts pleaded show that the notes operated as an extension of the time of payment of the pre-existing debt for which the notes were given, and that this benefit to the original debtors is a sufficient consideration for the guaranty which appears on the backs of the notes and signed by the defendants *Webb* and *Barber.* Under the facts and circumstances alleged the clear inference is that the contract of guaranty was made before the delivery of the notes, and

hence the consideration of the extension of the time of payment of the debt for three months provided for in the notes is a good and sufficient consideration of the guaranty. The facts alleged in the answers do not constitute any defense to the notes and the guaranty, and the court properly struck out the answers as frivolous.

The defendants contend that the court erred in permitting recovery in the judgment of the $10 motion costs allowed the plaintiffs on the motion to strike out the answers. The court manifestly imposed the $10 under the provisions of sec. 2924, Stats., as absolute motion costs. The question is: Can these costs be properly included as an item of recovery in the judgment in the case? In *Van Ness v. Corkins,* 12 Wis. 186, it is stated that to do so is an irregularity under the statutes governing the subject. Chief Justice DIXON, speaking for the court, says: "Such costs form no part of those finally taxable on the recovery of judgment. The payment of such costs is to be enforced by a special proceeding to be taken according to provisions of ch. 149 of the Revised Statutes." See sec. 3479, ch. 150, Stats. 1915. We discover no good reason why this ruling should not be followed. This improper inclusion of the $10 in the final judgment does not necessarily operate to affect any substantial right of the appellants. In fact the irregularity has not varied the appellants' obligation to pay this sum to the plaintiffs. Under these circumstances it does not constitute any prejudicial error within the provisions of sec. 3072*m,* Stats. 1915, and the judgment and order appealed from must be affirmed, the respondents to recover costs in this court.

*By the Court.*—It is so ordered.

ESCHWEILER, J. (*dissenting*). The burden rests upon the plaintiffs both to allege in their complaint and prove on the trial that there was a legal obligation of the individual defendants upon the guaranty distinct from the obligation

of the maker of the note. The allegations in the complaint tending to so allege are those to the effect that the individual defendants, "for a valuable consideration," guaranteed the payment of the same note, and the further allegation that there was expressed on the face of the guaranty the words, "for value received" we severally guarantee. As between the original parties to commercial paper, while these phrases are sufficient in themselves to make a *prima facie* showing of liability, nevertheless want of consideration is a perfect defense as it is to any other contract. *Remington v. Detroit D. M. Co.* 101 Wis. 307, 309, 77 N. W. 178. So that neither of these expressions of themselves precludes the right of a person who on the face of it would seem bound, to show by oral testimony that there was no valid legal consideration, and there is nothing in the words themselves that creates anything in the nature of an estoppel against the person who may have used them to show what the real facts are.

In the first paragraph of the answer the individual defendants say as follows: "And each for himself denies that for a valuable consideration he guaranteed the payment of the note set forth in the first cause of action by indorsing thereon the words of the guaranty set forth in said complaint." In the second paragraph appears in substance the following as a defense: that the note was given by the defendant corporation to plaintiff "for a pre-existing debt, and that at the time of giving the new note no other or further obligation was incurred by said defendant, the Wisconsin Grain and Fuel Company, by reason of the giving of said note or on account of the guaranty of payment executed by the defendants *James H. Webb* and *F. J. Barber,* and denies that said defendants or either of them, at the time or any other time, received any consideration for the execution of the said guaranty contract whatever."

It is from the allegations last quoted that it is held by the majority opinion that there is sufficient admission of a con-

sideration to warrant judgment against the individual de-fendants.

It is immaterial on the appeal here by the individual de-fendants whether or not it sufficiently appears that the giving of the new note for the pre-existing debt was a sufficient val-uable consideration between the maker of the note and the payee, for the question here must be whether or not there is sufficient to show a valid consideration between the guaran-tors and the payee. Between these two parties it is essen-tial that the giving of the guaranty should be simultaneous and a part of the transaction embodied in the surrender of the old note and the taking of the new and as a then consid-eration therefor, or, if the guaranty be subsequent to the transaction by which the new note takes the place of the old, that there was some new and independent consideration. *Bank of Commerce v. Ross,* 91 Wis. 320, 324, 64 N. W. 993; *Jansen v. Kuenzie,* 145 Wis. 473, 475, 130 N. W. 450; *International T. Co. v. Mabbott,* 159 Wis. 423, 425, 150 N. W. 429.

There is no language in the complaint or answer from which I can see that either of these two conditions existed.

The plaintiffs contented themselves with alleging in gen-eral terms that the obligation of the defendants, if any, was based upon "a valuable consideration," instead of specifying, as they well might have, what the exact consideration was. The defendants squarely meet this allegation by a denial that they or either of them at the time, or any other time, received any consideration for the execution of the guaranty contract whatever. This entitles them to a trial upon the issue of fact thus tendered, and for that reason I think the judgment should be reversed.

I am authorized to state that Justice KERWIN joins with me in this dissent.