MALEDON v. LEFLORE.

Opinion delivered May 9, 1896.

ACTION ON NOTE—DEFENSE—MISTAKE OF LAW.—It is no defense to a suit on a note that defendant signed it jointly with a corporation of which he was a director, in the mistaken belief that it was necessary for him to sign it in order to bind the company, and without intending to bind himself personally.

SURETY—LIABILITY.—A surety on a note is not discharged by the payee's failure to resort to a mortgage given by the principal to secure the note.

NOTE—LIABILITY OF SURETY.—A surety on the note of a corporation, which is secured by a mortgage, is not discharged from liability on such note on account of the mismanagement and waste of the mortgaged property by the president of the corporation, although

such president be a member of the firm of lawyers employed by the payee to collect such note, in the absence of any showing that the president was acting as agent of the payee in his management of such property.

SAME—LIABILITY OF SURETY.—A surety on a note is not relieved from liability thereon by the fact that it was executed by a corporate principal, without proper authority.

Appeal from Sebastian Circuit Court, Fort Smith District.

EDGAR E. BRYANT, Judge.

### STATEMENT BY THE COURT.

This is an action by Campbell Leflore against John B. Maledon for a balance of $1,665.59 alleged to be due upon a promissory note. The note was jointly executed to Leflore for the sum of $5,000 by the following parties, to-wit: Fort Smith Evaporating Company, J. H. Clendening, Wm. M. Cravens, Geo. Sengel, and John B. Maledon, the appellant. The note was given for money loaned by Leflore to the Evaporating Company, and Maledon was in fact only a surety.

Maledon, in his answer, admitted the execution of the note, and that it was given for money borrowed by the Evaporating Company; alleged that he was persuaded to purchase stock in the company by the statement of its officers and directors that its affairs were in good condition; that he had been elected a director, and signed said note believing at the time that it was necessary for him and the other directors to sign the same in order to bind the company; that he received no consideration or benefit for the same; that the assets of the company had been wasted by the president of the company, in whose hands plaintiffs had placed the note for collection; that the note given to plaintiff was secured by a mortgage upon property of the company; but that plaintiff had failed to foreclose his mortgage, or take any steps to collect his debt, until the property had

been wasted by the president of the company. His prayer was that his answer be taken as a cross-complaint against the Evaporating Company; that said company be made a defendant; that the same be dissolved, and its affairs wound up; that plaintiff be compelled to foreclose his mortgage, and in the meantime be enjoined from proceeding with the action against the defendant; that the cause be transferred to the equity side of the docket; and that plaintiff be discharged from liability on said note.

The court overruled the motion to transfer to the equity docket, and, after hearing the evidence, directed a verdict for the plaintiff. The other facts appear in the opinion.

*Ben T. Duval* and *T. W. M. Boone*, for appellant.

1. It was error to refuse to transfer the cause to equity, and in not requiring plaintiff to foreclose his mortgage. The answer was an equitable one, and complete justice. could not be done without bringing in the corporation as a party, and requiring plaintiff to foreclose the mortgage and exhaust that remedy before proceeding against defendant. The giving of the note was *ultra vires*. The corporation had no power to borrow money; and, even if it had, no authority from the board of directors was shown. The recitals in the mortgage are not binding on the company. Thompson, Corporations, sec. 4677; 25 Fed. Rep.

2. It was error to instruct the jury to find for plaintiff.

3. The testimony shows that defendant's intention was not to bind himself. Plaintiff was bound, in dealing with the corporation, at his peril to take notice of its powers and the powers of its officers to contract. 2 Johns. 109; 40 N. Y. 68; 23 How. N. S. 381; 2 Beach, Corp., sec. 383, 384. If the president signed the note

without authority, the company was not bound, unless the money was received and used for the benefit of the company. 54 Ark. 58; 55 *id.* 58.   A president of a corporation has no power to borrow money, and give notes without the authority of the directors. Thompson, Corp., secs. 4619, 4622, 4623; 5 Denio, 567; 46 Iowa, 106; 100 Am. Dec. 106.   The directors must act as a board.   Thompson, Corp., sec. 3905.   An invalid act cannot be ratified "by individual consent of a majority of the board."   29 Am. Rep. 262; Thompson, Corp., sec. 3908.   When the president of a corporation attempts to bind it by contract *ultra vires*, he does not bind himself.   Thompson, Corp., sec. 4676.

4.   It was error not to allow defendant to show that the board never authorized the president to borrow the money of the plaintiff.

*Clendening, Mechem & Youmans*, for appellee.

1.   The loan and mortgage was authorized.

2.   Appellant was a joint maker of the note, and was bound, whether he received any consideration or not. 24 Ark. 511; 34 *id.* 534; 40 *id.* 545; 60 Ark. 644.

3.   The testimony offered by appellant was properly excluded.   50 Ark. 229.

4.   A mere misapprehension as to the legal effect of his signature to the note is no defense.   1 Dan. Neg. Inst., secs. 669*a*, 672, 675.

5.   Mere delay to sue does not discharge even a surety.   50 Ark. 229.

6.   The court properly refused to transfer to equity. Appellee had the right to foreclose the mortgage, bring ejectment, or sue on the note.   7 Ark. 319; 18 *id.* 545; Sand. & H. Dig., sec. 5633.

7.   The court properly instructed the jury to find for plaintiff.   36 Ark. 451.

RIDDICK, J., (after stating the facts).  We are of opinion that the judgment of the circuit court is right, and it must be affirmed.  Appellant, Maledon, with other parties, stockholders in the Fort Smith Evaporating Company, executed a promissory note to Leflore for money loaned by him to said company.  This note, under our statute, was in effect a joint and several obligation, and plaintiff had the right to sue one or all the makers thereof.  Sand. & H. Dig., secs. 4186 and 5634.

Appellant states that he signed the note under the belief that it was. necessary for him and the other directors to sign the same in order to bind the company, and that he did not expect to bind himself individually. His name appears signed to the note as one of the obligors for the payment of the amount named therein. Upon the faith of this obligation, Leflore parted with his money for the use of a corporation of which appellant was a stockholder and director.  Appellant does not pretend that he was misled or induced by Leflore to sign said note, and the fact that he was mistaken concerning the legal effect of signing the note is of no avail against the action in this case.  A written contract cannot be varied or affected in that way.  *Ritchie* v. *Frazer*, 50 Ark. 393.

<span style="float:right">Mistake of law no defense.</span>

Leflore did not have possession of the mortgaged property, and the contention that appellant is discharged by the failure of Leflore to foreclose his mortgage, and by other laches, cannot be sustained on the facts of this case, for, at most, he is guilty of only the passive conduct of not suing.  *Grisard* v. *Hinson*, 50 Ark. 230.  Appellant, as one of the obligors in the note, had the right to pay the note and foreclose the mortgage for his own benefit, and he cannot complain because Leflore elected to proceed against him without resorting to the mortgage.  *Grisard* v. *Hinson, supra.*

<span style="float:right">When surety on note not discharged.</span>

The fact that Clendening, the president of the Evaporating Company, was a member of the firm of attorneys employed by Leflore to collect his debt did not make Leflore responsible for the official conduct of said Clendening in the management of the property of said company. When counsel for appellant offered to show that Clendening had mismanaged and wasted the property of said company, they were asked by the circuit judge whether they intended to connect Leflore with such mismanagement, or to show that Clendening had possession of the property as his agent, to which inquiry counsel responded, "No." As they did not propose to show that Leflore was in any way responsible for the management of the property of the Evaporating Company, by its president, the conduct of the president in that regard was a matter entirely outside of the case, and the evidence was properly excluded.

It is also contended that the court erred in refusing to allow appellant to show that the board of directors of the company had never authorized the president to borrow the money for which the note was executed, but this contention cannot be sustained. In the first place, there is no such allegation in the answer; but, if such a defense had been made, it would not have been tenable, for the reason that a surety is, as a general rule, liable on a note executed by him as such, although his principal has no capacity or authority to make such contract. The rule has been frequently applied in cases where the principal was an infant or married woman, and we see no reason why it should not apply where the note is executed by a corporate principal, without proper authority. *Gardner* v. *Barnett*, 36 Ark. 479; *Davis* v. *Statts*, 43 Ind. 103; *Taylor* v. *Dansby*, 42 Mich. 82; 2 Randolph's Commercial Paper, sec. 915, and cases cited.

There were other objections to rulings of the trial court urged by counsel, but our conclusion is that the

evidence did not show any defense to the action of plaintiff, either at law or equity, or any disputed fact to be considered by a jury, and the court properly directed a verdict for plaintiff.

The judgment is affirmed.