HENRY B. GATES, APPELLEE, V. CHARLES E. TEBBETTS, APPELLANT.

FILED FEBRUARY 20, 1909.   No. 15,453.

1. Judgment: CONSTRUCTIVE SERVICE: RES JUDICATA. A court has no jurisdiction to enter a personal judgment against a nonresident constructively served, who has made no appearance in the action; nor can any finding made in the case touching his personal liability operate as an estoppel so as to prevent him from showing to the contrary in a personal action subsequently brought against him.

2. Principal and Surety: RELEASE. A surety upon a contract is not released because the plaintiff in an action thereon fails to inform the court that another party to the contract is the principal debtor.

3. ———: ———. While it is a general rule that a discharge of the principal releases the surety, an exception to the rule exists when one becomes surety for a married woman, minor, or other person incapable of contracting.

APPEAL from the district court for Gage county: WILLIAM H. KELLIGAR, JUDGE. *Reversed.*

*Hazlett & Jack,* for appellant.

*E. O. Kretsinger, contra.*

DUFFIE, C.

In 1900 the plaintiff commenced an action to foreclose a mortgage made by Ella F. Tebbetts and Charles E. Tebbetts, at that time wife and husband. The mortgage secured a note made by the parties for $1,300, and covered certain lots in the city of Beatrice, Gage county, Nebraska. Charles E. Tebbetts, the defendant in this action, was residing at Kansas City, and substituted service of sum-

mons was had on him in the state of Missouri. Ella F. Tebbetts, the wife, was personally served in this state, and she filed an answer, alleging that at the time of making the mortgage she was a married woman residing with her husband, and that at no time did she ever bind her separate estate, trade or business, and signed the note secured by the mortgage as surety for her husband, and had received no money for which the note was given.

Charles E. Tebbetts made no appearance in the action, except to object to the jurisdiction of the court over his person upon the service first made on him. This motion was sustained, after which a second service was had upon the defendant, and, no appearance being made by or for him, he was then defaulted. In February, 1901, the case was tried. The court found that there was due upon the note to secure which the mortgage was given the sum of $1,455.98; that Ella F. Tebbetts was a married woman at the time of the execution of the note and mortgage, and that she was not liable thereon except to the extent of the mortgaged property described in the petition; that, after the mortgaged property had been exhausted and the proceeds applied in payment of the note and mortgage, "the said Ella F. Tebbetts will not be liable to the plaintiff for any deficiency judgment." There was a further finding that the decree draw interest at the rate of 10 per cent. per annum. A foreclosure of the mortgage was decreed, an order of sale issued, the mortgaged property duly advertised and sold to the plaintiff herein for $740. December 17, 1901, the sale was duly confirmed by the court, and a finding made that there was a deficiency of $884.23. May 2, 1902, the plaintiff applied for and obtained leave of court to bring an action at law against Charles E. Tebbetts for the deficiency arising in the foreclosure proceedings, and this action for that purpose was commenced in October, 1903. To a petition reciting the above facts the defendant filed an answer which is too lengthy to be incorporated in this opinion. From a judgment in favor of the plaintiff, the defendant has appealed.

The principal defenses urged upon this hearing are that Ella F. Tebbetts was the owner of the mortgaged property which was incumbered by mortgage liens when she purchased the same; that the plaintiff's mortgage was given in renewal of one of such mortgage liens; that defendant had no interest in the property, the same being the separate property of his wife, and that he signed the note secured by the mortgage as surety for his wife, and was bound thereon as surety only; that these facts were known to the plaintiff, who failed to present them to the court when the mortgage was foreclosed, and permitted and connived at the entry of a judgment in said foreclosure action relieving said Ella F. Tebbetts from all personal liability upon said note, for which reason he alleges that he is released from liability.

The second objection urged to the judgment is that it is excessive. It is familiar law that a court has no jurisdiction to enter a personal judgment against a nonresident of this state who has not appeared in the action, and where substituted service of the summons has been had. In the foreclosure case the court had no jurisdiction to enter a personal judgment against Charles E. Tebbetts, and did not attempt to do so. On confirming the sale made under the foreclosure decree, the court found the amount of the deficiency existing to be $884.23, and on the trial of this case the district court apparently took the view that this finding was conclusive upon the defendant, and would not allow him to show that in the foreclosure proceedings an erroneous computation of the amount due upon the notes secured by the mortgage was made, and that the deficiency was not so great as found by the court. In the foreclosure proceedings the court had undoubted jurisdiction to ascertain the amount due upon the mortgage, to declare it a lien upon the mortgaged premises, and to order a sale for the satisfaction of the amount due. It is conceded that in that action the court was without power or jurisdiction to enter a personal judgment against the defendant, and the question now

before us is: Did the court have jurisdiction to find any fact going to establish the defendant's liability to a personal judgment and the amount thereof which the defendant is estopped from disputing in this action? We think not. On principle the law must be that, in a case where the court has no jurisdiction to enter a personal judgment against a defendant, it cannot conclude him by a finding of material facts necessary to establish his liability or the amount thereof in a subsequent action brought in a court having jurisdiction over his person. If, by an erroneous computation of interest or otherwise, the court in the foreclosure proceeding fixed the amount of the deficiency at too large a sum, the defendant in this action is not bound by such finding, but may have the benefit of any evidence in his possession tending to show the amount of the deficiency which actually exists, and for which he is personally liable. The district court erred in refusing him this privilege.

Relating to the claim that plaintiff in the foreclosure proceedings should have used diligence to establish the primary liability of Mrs. Tebbetts for the mortgaged debt, there is no evidence in the record that the plaintiff fraudulently confederated with Mrs. Tebbetts to obtain a decree relieving her of personal liability, and it is well settled that, while the general rule prevails that a discharge of a principal releases the surety, an exception to the rule is found where a person guarantees the obligation or becomes surety for a married woman, minor, or other person incapable of contracting. In such case, while the principal is discharged on account of his incapacity, the debt remains and its burden must be assumed by the surety. *Jones v. Crosthwaite,* 17 Ia. 393; *Winn v. Sanford,* 145 Mass. 302, 1 Am. St. Rep. 461. In the case last cited it is said: "Where one becomes a surety for the performance of a promise made by a person incompetent to contract, his contract is not purely accessorial, nor is his liability necessarily ascertained by determining whether the principal can be made liable. Fraud, deceit

in inducing the principal to make his promise, or illegality thereof, all of which would release the principal, would release the surety, as these affect the character of the debt; but incapacity of the principal party promising to make a legal contract, if understood by the parties, is the very defense on the part of the principal against which the surety assures the promisee. *Yale v. Wheelock*, 109 Mass. 502." The district court in the foreclosure proceeding believed and held that Mrs. Tebbetts was not liable upon the note which the mortgage secured, and it may well be that the plaintiff held the same view, and for this very reason requested the defendant to sign the note as surety for his wife. In any view of the case which can be assumed, we are not prepared to hold that a party bringing an action upon a contract signed by two parties, one of whom is surety for the other, releases the surety by a mere failure to inform the court of the relation of principal and surety which the parties defendant sustained to each other. The case is very different from *Wright v. Hake*, 38 Mich. 525, where the creditor secretly and fraudulently released the principal debtor from payment of the principal amount of the debt, and then sought to hold the surety for the whole claim.

For the error in holding that the defendant was estopped from questioning the amount of the deficiency in the foreclosure proceeding, and refusing to allow him to show that the amount claimed was in excess of that owing by him, we recommend a reversal of the judgment and remanding the cause for a second trial.

EPPERSON, GOOD and CALKINS, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is reversed and the cause remanded for a second trial.

REVERSED.