**MITCHELL v. ZURN et al. (No. 153–3117.)**

(Commission of Appeals of Texas, Section A. May 26, 1920.)

**1. Principal and surety ⬄7—Surety for person incompetent to contract may be liable.**

The liability of a surety for a promise made by a person incompetent to contract is not necessarily ascertained by determining the liability of the principal, the surety being released only if the undertaking is illegal, or the principal's promise is induced by fraud or deceit, incapacity of the principal being a contingency against which the surety assures the promisee.

**2. Principal and surety ⬄8—Surety for married woman or minor liable for debt.**

Where the principal, a married woman or a minor, is discharged on account of his or her incapacity, the debt remains, and its burden must be assumed by the surety for the woman or minor.

**3. Principal and surety ⬄7—Sureties for corporation on ultra vires contract, not illegal or against public policy, liable.**

Sureties for a corporation whose contract to do grading and excavating, build a cement foundation, and lay floors was ultra vires, the company being chartered only to manufacture and deal in building material, were liable to the other party on the corporation's breach; the contract being neither illegal nor against public policy.

Error to Court of Civil Appeals of Second Supreme Judicial District.

Suit by J. E. Mitchell and another against J. F. Zurn and others. From judgment for plaintiffs, defendants appealed to the Court of Civil Appeals, which reversed and rendered (196 S. W. 544), and plaintiff Mitchell brings error. Judgment of the Court of Civil Appeals reversed, and judgment of the trial court affirmed on recommendation of the Commission of Appeals.

Bryan, Stone & Wade, of Ft. Worth, for plaintiff in error.

Miller & Miller and Wray & Mayer, all of Ft. Worth, for defendants in error.

SPENCER, J. J. E. Mitchell sued the Hydraulic Building Stone Company, a corporation, J. F. Zurn, and Mrs. M. M. Harrold and Mrs. Josie H. Barnes, executrices of the estate of E. B. Harrold, deceased, to recover upon a bond executed by the corporation as principal and J. F. Zurn and E. B. Harrold as sureties. By the terms of the instrument they bound themselves to a faithful performance on the part of the corporation to carry out a contract entered into between the corporation and Mitchell.

The contract required the corporation to do all grading and excavating, build a cement foundation, lay cement floors and do brick work, necessary and incident to the erection of a two-story basement residence.

The defense interposed was that the contract entered into between Mitchell and the corporation was beyond its charter powers, ultra vires, and wholly void, in that the corporation was limited in contracting by the following provision of its charter:

"The purpose of this corporation shall be to manufacture and deal in building material and to purchase and sell such material as is necessary in the transaction of its business."

The district court was of opinion that the contract was ultra vires and void, but that the bond was a valid and binding obligation as to the sureties. Accordingly judgment was rendered in favor of defendant corporation, and in favor of plaintiff against J. F. Zurn and Mrs. M. M. Harrold and Mrs. Josie H. Barnes, executrices, to the extent of the bond, for the damages suffered by Mitchell

---

⬄For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

on account of the corporation's failure to complete the contract.

The Court of Civil Appeals was of opinion that the corporation was, by article 685, R. C. S. 1895, prohibited from making the contract, and that it was therefore affected with a positive illegality which rendered it void for all purposes and as to all persons. The judgment in favor of plaintiff was reversed and rendered in favor of defendants J. F. Zurn and the executrices of the estate of E. B. Harrold. 196 S. W. 544. The writ was granted upon application referred to the committee of judges.

The trial court having concluded that the contract entered into between the corporation and plaintiff was ultra vires and therefore void, and the judgment in its favor not having been challenged nor appealed from, it is unnecessary to determine the question of the corporation's liability. The only question for decision is whether the surety is bound upon the contract.

[1] The liability of a surety for the performance of a promise made by a person incompetent to contract is not necessarily ascertained by determining the liability of the principal. The surety is released only in the event that the undertaking is illegal, or the promise by the principal is induced by fraud or deceit, but the incapacity alone of the principal does not release the surety. The incapacity of the principal party promising to make a legal contract is one of the contingencies on the part of the principal against which the surety assures the promisee. Gates v. Tebbetts, 83 Neb. 573, 119 N. W. 1120, 20 L. R. A. (N. S.) 1000, 17 Ann. Cas. 1183; Winn v. Sanford, 145 Mass. 302, 14 N. E. 119, 1 Am. St. Rep. 461; Maledon v. Leflore, 62 Ark. 387, 35 S. W. 1102; Davis v. Stokes, 72 N. C. 441; 32 Cyc. 25 (c).

[2] The liability of the sureties in a case of this kind is analogous to the liability of sureties in the case of married women and minors. In those cases where the principal is discharged on account of his or her incapacity, the debt remains, and its burden must be assumed by the surety. Lee v. Yandell, 69 Tex. 34, 6 S. W. 665.

[3] The contract under consideration contravenes no public policy of the state, is innocent in itself and in its consequences, and therefore is not affected by any positive illegality. The distinction between the act of a corporation which is merely without authority and one which is illegal is made by Judge Tarlton in the case of Bond v. Terrell Mfg. Co., 82 Tex. 309, 18 S. W. 691. He says:

"A corporate act becomes illegal when committed in violation of an express statute on a specific subject, or when it is malum in se or malum prohibitum, or when it is against public policy."

The case of Edwards County v. Jennings, 89 Tex. 618, 35 S. W. 1053, relied upon by the court of Civil Appeals in support of its contention, is distinguishable from the present case. In that case the contract in itself was affected with a positive illegality, in that it was denounced by the Constitution, while in the present case the contract is neither illegal nor against public policy, but at most is one which the corporation was without authority to make.

We conclude, therefore, that the judgment of the Court of Civil Appeals, reversing and rendering the judgment, should be reversed, and the judgment of the trial court should be affirmed.

PHILLIPS, C. J. We approve the judgment recommended in this case.