BIRKEN, Jr., Respondent, v. TAPPER, Appellant.

(189 N. W. 698.)

(File No. 5056.    Opinion filed August 30, 1922.    Rehearing denied October 27, 1922.)

1. **Guaranty—Indemnity—Loan Notes Credits, Recovery on Guaranty Bond Re—Defense of Principals' Want of Authority, Futility of Under Unconditional Guaranty.**

   In a suit on a contract of guaranty on indemnity bond to indemnify and save harmless certain specified credits under promissory notes executed and to be executed and endorsed by the principals to obligee in the bond, held, that the defense of want of authority on the part of the makers of the notes to endorse same or to do a chattel mortgage business, of non-negotiability of some of the notes, and lack of liability of the makers as endorsers of non-negotiable notes, is untenable; the contract being one of unconditional liability without exception embodying validity of any of the acts so plead.

2. **Same—Lack of Principal's Authority to Negotiate, Endorse, Notes No Defense Under Guaranty Bond—Reason of Rule.**

   Where all notes executed by principals, mentioned in a guaranty were endorsed by them with knowledge and acquiescence of obligee in the bond, lack of authority to negotiate or endorse the notes, if such existed, does not relieve from liability on the bond; since want of capacity of principal to contract is the very reason for requiring that some party capable of assuming the obligation become a party thereto to secure its due performance.

3. **Same—Consideration for Guaranty Bond—Obligor's Profit in Note Loan Business as Consideration.**

   The fact that defendant, co-maker in a guaranty bond for indemnity to endorsees and discounters of a line of loan notes, shared in substantial profits of the loan note business, was ample consideration to support the guaranty.

4. **Indemnity—Payment of Notes with Interest, Guaranty Of, Rate Specified in Note, Not Legal Rate, Measure of Recovery—Contract, Construction Of.**

Judgment, in a suit on a contract of guaranty of payment of promissory notes and interest thereon, should be for the amount of the notes including the rate of interest therein provided after maturity, and is not limited to the legal rate; since under a contract "to indemnify and save harmless" this can be done only by paying the notes in full according to their terms. So held, where obligee in the bond had re-endorsed the notes and thereby become liable to endorsees for interest accordingly; it being a safe rule of construction of a guaranty to give it that effect which shall best accord with intentions of parties as manifested by its terms, taken together with the subject-matter to which it relates, neither enlarging words beyond their import in favor of creditor, nor restricting them in aid of surety.

5. **Guaranty—Acceptance Of—Guaranteed Notes, Guaranty Before Advances by Note Purchasers, Knowledge of Fact as Acceptance.**

The fact that one of two co-makers of a contract of guaranty and indemnity to parties who were thereunder to purchase and deal in promissory notes executed by a concern in which the obligors were interested, had agreed with obligee to furnish the guaranty before any advances had been made by it, of which fact the co-maker of the bond had knowledge, the bond having been executed upon a form furnished by the obligee, and the latter having received it by letter from the co-obligor, who had requested of the latter that it furnish him with a record of the loans so placed with it, etc.,—constituted a sufficient acceptance of the guaranty by the obligee; it having acknowledged receipt of "your guaranty signed by Mr. Peter B. Dirks and yourself covering loans placed with us through the Dirks Title & Trust Company," which was sufficient acceptance.

Appeal from Circuit Court, Turner County. Hon. Louis L. Fleeger, Judge.

Action by William J. Birken, Jr., against William R. Tapper, to recover upon a contract of guaranty and indemnity. From a judgment for plaintiff, and from an order denying a new trial, defendant appeals. Affirmed.

*Brown & Brown,* for Appellant.
*Alan Bogue,* and *E. E. Wagner,* for Respondent.

(4) To point four of the opinion, Appellant cited: 20 Cyc.

1437; Continental Supply Co. v. Tucker-Rose Oil Co. (La.), 83 So. 892.

POLLEY, J. · This action grows out of the same transactions that are the basis of Birken v. Hickey et al, 42 S. D. 472, 176 N. W. 137. After that appeal plaintiff pursued such remedies as he had on the notes and mortgages. A small amount was collected on some of the notes and a dividend on each note was collected from the estate of Peter B. Dirks. This action is brought against Tapper on the contract of guaranty or indemnity that was executed by Tapper and Dirks to indemnify the McNish Company against any loss it might suffer on account of "cattle paper" purchased through the Dirks Trust & Title Company. Reference is made to Birken v. Hickey at al for a statement of the facts so far as contained in that case.

The contract sued upon reads as follows:

"Whereas, the Dirks Trust & Title Company, in the county of Brule and state of South Dakota, is desirous of maintaining a line of credit with the McNish Cattle Loan Company of Omaha, Nebraska, and of borrowing money of said company on guaranty of Peter B. Dirks, residing at Chamberlain, South Dakota, and William R. Tapper, residing at Chicago, Ill., of the prompt and full payment by said the Dirks Trust & Title Company of all indebtedness now due or owing from said the Dirks Trust & Title Company to said company, during the period of the guaranty, and the prompt discharge of all its liabilities to said company, and the complete performance of all duties and obligations by said the Dirks Trust & Title Company, to be at any time performed, or owing to said company:

"This agreement witnesseth that, for value received from said the McNish Cattle Loan Company, of Omaha, Nebraska, and in consideration of the premises, the said Peter B. Dirks and William R. Tapper jointly and severally promise and agree and undertake, to and with the said the McNish Cattle Loan Company, Omaha, Nebraska, its successors and assigns, to indemnify and save harmless the said credits, or other accommodations already made or granted, or which may hereafter be made or granted, by said company to said the Dirks Trust & Title Company, in an amount not exceeding two hundred thousand and no-100 dollars, and do hereby guarantee the full and prompt payment by

said the Dirks Trust & Title Company, of all its liabilities, duties and obligations to said company which now exists or which may hereafter be incurred, hereby waiving any and all notice of loan made, defaults in payment and of protest, and any and all other acts or things by said company to be done to establish the liability of the undersigned guarantors in the premises, and waiving presentment, demand and protest.

"This guaranty is understood to be a continuing guaranty to said company, in the full amount aforesaid, until revoked by due notice in writing, signed by all guarantors, specifying the purpose of such notice and served personally on the president or secretary of said company, and this guaranty shall continue good and binding until all of the amounts owing from said, the Dirks Trust & Title Company, or on which it shall be liable to said company at the time of such notice, shall be paid, and shall bind the heirs, executors and administrators, and assigns of said guarantors, and each of them.

"In witness whereof we have hereunto set our hands and seals this 22d day of July, 1916.

"Peter B. Dirks. [Seal.]<br>"William R. Tapper. [Seal.]"

[1, 2] Among the defenses set up by defendant are lack of authority on the part of Dirks to indorse the notes, lack of power on the part of the Dirks Company to do a chattel loan business, to negotiate notes, etc., nonnegotiability of the notes, or some of them at least, lack of liability of the Dirks Company as indorser of nonnegotiable notes. There is no merit in these defenses. The contract sued upon is broad enough in its terms to cover all such defects as these. By the terms of the contract the appellant agrees to—

"indemnify and save harmless the said credits, or other accommodations already made or granted, or which may hereafter be made, by said Dirks Trust & Title Company, * * * and do hereby guarantee the full and prompt payment by the said Dirks Trust & Title Company, of all its liabilities, duties and obligations to said company which now exist or which may hereafter be incurred. * * *"

No exceptions are made in the contract, and that none were contemplated when it was executed and transmitted to the McNish

Company by the appellant is apparent from appellant's letter of July 24th, in which appellant said:

"Inclosed please find guaranty signed by Mr. Peter B. Dirks and myself, duly acknowledged, covering loans placed with you through the Dirks Trust & Title Company."

All of the notes involved were placed with the McNish Company through the Dirks Trust & Title Company. They were all indorsed by that company by Peter B. Dirks with the knowledge and acquiescence of appellant. Lack of authority, if such existed, on the part of the Dirks Company to negotiate notes or of Dirks himself to indorse the same does not relieve defendant from liability "for the reason" as said in Text-Book Co. v. Mabbott, 159 Wis. 423, 150 N. W. 429:

"That want of capacity for the principal to contract is the very reason for requiring that some party capable of assuming the obligation become a party thereto to secure its due performance if the party legally incapacitated to assume it omits to perform."

See, also, Gates v. Tebbetts, 83 Neb. 573, 119 N. W. 1120, 20 L. R. A. (N. S.) 1000, 17 Ann. Cas. 1183; Harmon v. Hartman, 178 Iowa 912, 160 N. W. 295; Backus v. Feeks et al, 71 Wash. 508, 129 Pac. 86, Ann. Cas. 1914, c, 553, and note.

[3] Again appellant contends that the contract sued upon was executed without consideration and for that reason not enforceable. But this contention is equally without merit. The negotiation of loans and indorsement of notes by the Dirks Company was done solely for profit. Appellant was a stockholder in that company, and as such shared in any profit gained by it. The testimony showed that in the past very respectable dividends had been paid, and that he had shared therein. There was ample consideration to support the guaranty.

[4] In fixing the amount of the judgment against appellant the court computed interest on each of the notes involved to the date of the judgment at the rate and according to the terms specified by the note itself. In so doing appellant contends that the court erred. Appellant contends that the amount of his liability became fixed at the maturity of the respective obligations, and that from that time on interest should be computed at the legal rate only. It is true that the contract of guaranty makes no

mention of interest, but the interest as it accrues becomes as much a part of the obligation as the principal. The contract on the part of appellant is "to indemnify and save harmless." This could be done only by paying these notes in full according to their terms. It appears from the record that the McNish Company was purchasing these notes for the purpose of reindorsing them and again selling them. By so doing it became liable to its indorsees for interest according to the terms of each individual note, and in order to save said company harmless it is necessary that such interest be included in the judgment. This appears to us to be according to the intent of the parties at the time the contract was made. To quote from the syllabus in Continental Supply Co. v. Oil Co., 146 La. 671, 83 South. 892:

"A safe rule of construction of a guaranty is to give the instrument that effect which shall best accord with the intentions of the parties, as manifested by the terms of the guaranty, taken in connection with the subject-matter to which it relates; neither enlarging the words beyond their import in favor of the creditor, nor restricting them in aid of the surety."

[5] Again it is claimed by appellant that there was no acceptance of the guaranty by the guarantee that:

"The guaranty in this case was signed by the guarantor, Tapper, at the request of Peter B. Dirks, without the guarantee's knowledge, and without any consideration passing from the guarantee to the guarantor."

Appellant cites and relies on what was said by this court in Deering & Co. v. Mortell, 21 S. D. 159, 110 N. W. 86, 16 L. R. A. (N. S.) 352, in support of this contention. The two cases are not analogous. In that case the guaranty agreement was attached to the principal contract. It was signed by the guarantors at the request of the principal debtor, and by him forwarded to the guarantee. The guarantors were never notified of the forwarding of the contract or of its receipt by the guarantee, or that it had been accepted by or acted on by it until after default had been made by the principal. In this case Dirks, who was acting for the Dirks Trust & Title Company, agreed to furnish the guaranty to the McNish Company before any advances had been made by it. Appellant had knowledge of this fact. The form of the guaranty agreement was furnished by the McNish Company. It

was sent to Dirks, who took it to Chicago, where Tapper lived. It was signed and acknowledged by them both in Chicago, and left with Tapper, the defendant, who, himself, forwarded it to the McNish Company in a letter, in which, in addition to what was above quoted, he said:

"In connection with this business, I wish that you would send me from time to time in a manner most convenient to you a record of the loans placed with your company and also record of loans paid, so that I may have a complete record of the business and be able to keep closely in touch with the situation at all times. I believe that whatever business we do with you will be transacted on a satisfactory basis, and I want to do my share in seeing that that is the case."

This letter was written at Chicago, July 24, and on the following day the McNish Company wrote from Omaha as follows:

"We acknowledge receipt of yours of the 24th, inclosing your guaranty signed by Mr. Peter B. Dirks and yourself covering loans placed with us through the Dirks Title & Trust Company."

While this does not in so many words say that the contract inclosed is accepted as a sufficient guaranty, under the circumstances as they existed at that time it was a sufficient acceptance to bind the appellant. This contract, it will be remembered, had been prepared and forwarded by the McNish Company with the request that it be executed and returned by appellant and Dirks. It was executed by them with full knowledge of the purpose for which it was wanted and forwarded to the McNish Company. It was received and retained by that company without objection or change, and acted upon by all to the knowledge of appellant.

The matter of consideration has already been passed upon, and needs no further notice. We are satisfied that the case was fairly tried and the right conclusion reached by the trial court.

The judgment and order appealed from are affirmed.