NAT'L UNION FIRE INS. CO. v. A. G. WINN, et al.

Western Section. December 19, 1925.

Certiorari denied by Supreme Court June 19, 1926.

1. **Infants.** **Contract to write insurance may be repudiated upon reaching majority.**

In an action on a bond given in connection with infant's contract to write insurance for plaintiff company where evidence showed contract was made when defendant was an infant and was repudiated by him within a reasonable time after reaching his majority, held plea of infancy properly sustained.

2. **Principal and surety. Sureties not liable for losses on transaction beyond contract covered by bond.**

Where defendant had a contract to write insurance for plaintiff in State of Mississippi and gave bond to account for money received under that contract and later when plaintiff ceased to do business in Mississippi it advanced him money to go to Texas to work for it, held sureties on bond not liable for that money.

3. **Principal and surety. Sureties on infant's contract are bound although principal is released on plea of infancy.**

The general rule that a contract void as to the principal, is void also as to the sureties, does not apply where a principal, sui juris, guarantees the obligation of, or becomes surety for a married woman, minor or other person incapable of contracting.

4. **Principal and surety. Knowledge of principal's infancy not essential.**

Sureties held liable on bond of infant although they did not know of his infancy at time of signing bond.

5. **Principal and surety. Sureties liability cannot be extended beyond their contract.**

In an action to recover against sureties for principal's failure to account for insurance premiums, held sureties not liable beyond amount of their bond.

Appeal from Chancery Court, Shelby County; Hon. D. W. De-Haven, Chancellor.

Affirmed in part, reversed in part.

L. E. Farley of Memphis, for appellant.

L. D. Bejach, of Memphis, and Cavett & Buchanan, of Memphis, for appellees.

SENTER, J. This was a suit in the chancery court of Shelby county to recover against A. G. Winn, as principal, and Harry Goldberg and R. E. Buchanan, as sureties, on the agency bond of A. G. Winn made to complainant. The case was tried in the chancery court, and issues of fact were made up and tried by a jury, resulting in a decree in favor of all the defendants.

Defendant A. G. Winn was appointed or employed as the agent of complainant to solicit fire insurance in the State of Mississippi, under a written contract entered into between the parties at the time of the employment. This written contract contained, among other provisions, the following:

"That I will return to the company all unearned commissions on retained premiums on policies cancelled pro rata or otherwise, and I will pay back to the company all advances made to me for commissions and fees on notes that are not paid within sixty days after maturity; and it is understood and agreed that in order to acquire the right to charge back advance commissions and fees on delinquent notes the company shall not be required to sue the makers of such notes."

This contract was on the usual printed form, and is styled or captioned, "Solicitor's Agreement."

There was another instrument signed by the special agent of the insurance company and the complainant signed June 11, 1920, which agreement is styled "Memorandum of Commission Agreement," and is also a printed form setting forth the rate of commissions to be paid to the agent out of premiums for policies covering fire and lightning risks. This instrument also contains the following provisions: "It being understood that the rates of commission as agreed upon the writing of risks and full rates as per rate card furnished by the company, and that all unearned commission, or written premiums on policies cancelled pro rata, or otherwise, are to be returned to the company, and that any advances made by the company for commission or fees, on notes taken for premiums that are not paid within sixty days after maturity, are also to be remitted; and it is further understood and agreed that the company shall not be required to sue the makers of such past due notes in order to acquire the right to charge the agent with such returned fee and commission." The defendant Winn was required to give bond to the complainant, and the co-defendants Goldberg and Buchanan, became sureties on the bond of defendant Winn in the sum of $500. This bond was conditioned, "that the above bound A. G. Winn, as agent of said company, shall faithfully and punctually pay over to the said company all amounts due or that may become due to it from time to time for moneys collected or received by him for premiums on policies of insurance and renewals thereof, or for any other account whatever, and shall with fidelity do and perform the duties assigned to him as the agent of said company, according to the best of his ability, and the instructions that may be from time to time communicated to him by a proper officer or representative of said National Union Fire Insurance Company, and shall at the termination of said agency, faithfully surrender and deliver to said company, or to its order, all books of record, supplies and other property belonging to said company, then this obligation to be void, otherwise to remain in full force and virtue. The said sureties waive notice (as to the time the same shall be given) of any failure on the part of the said agent to faithfully perform any of the duties or obligations aforesaid."

The account sued on by complainant against defendant Winn and defendants sureties on his bond, is for the return of unearned commissions collected on premiums where the policies were cancelled at the pro rata rate, or where the makers of premium notes failed to pay the notes. This charge back account appears to be fully authorized under the provisions of the agency contract and memorandum agreement as to rates, etc., between complainant and defendant Winn.

The defendants deny liability on said account and on the bond for the Mississippi business on two grounds. First, that because of certain litigation in the state of Mississippi the complainant withdrew from writing business in that state, and this resulted in parties owing premium notes defaulting in the payment of the notes and in failing and refusing to pay the same, and this was a condition over which defendant Winn had no control, and that he should not, therefore, be charged back for the portion of the unearned commission on premiums. Second, at the time he entered into the agency contract he was a minor under the age of twenty-one years, and not, therefore, capable of contracting. The same defense is made for the sureties on the bond, with the additional defense that because the defendant Winn, their principal, was a minor, under the age of twenty-one years at the time he made the contract, and was therefore not liable on the account because of his plea of infancy, that the sureties on the bond could not be held liable, and on the further ground that they did not have knowledge or notice of the fact that Winn was a minor at the time they signed the bond.

After the defendant Winn had discontinued his agency relations with complainant in the state of Mississippi, following the withdrawal of the company from Mississippi, he for a time procured other employment, but later was employed by complainant to go to the State of Texas for the purpose of soliciting fire insurance, and at the solicitation of defendant Winn the complainant advanced him $100 to defray the expenses of himself and family to Texas where he was to solicit insurance for complainant. This advance was to be repaid by defendant Winn from his earnings as agent for complainant in Texas, but he did not repay the same as he only continued for a short time in the state of Texas before giving up the agency connection. The complainant in addition to the returned commissions on premiums on the Mississippi business, amounting to the sum of $717.59, also sought a recovery for the $100 advanced to defendant Winn under the Texas agency contract.

The following issues were made up by the Chancellor after consultation with counsel for the respective parties and were submitted to the jury:

No. 1. Is the defendant, A. G. Winn, indebted to the complainant, National Fire Insurance Company, in any amount arising out of the relationship heretofore existing between them of agent and principal?

To this question the jury answered "yes."

No. 2. If you answer the first issue "yes" say in what amount, if any, the defendant is indebted to complainant:

(a) By reason of employment in Mississippi, and

(b) of employment in Texas.

Answer (a) Nothing.

(b) $100.

No. 3. Did A. G. Winn, after reaching the age of twenty-one years and prior to the bringing of this suit repudiate to complainant his liability to complainant on the grounds of minority?

Answer. "Yes."

Upon the finding of the issues, the court decreed in favor of defendant on the ground that A. G. Winn at the time of signing the contract and bond sued on in the cause, was an infant, under the age of twenty-one years, and that at the time of signing of said bond as sureties, the defendants Harry Goldberg and H. E. Buchanan, did not know that the said A. G. Winn was under the age of twenty-one years. It is further recited in the final decree of the Chancellor, that the finding of the jury in answering sub-section "A" of the second issue submitted, to the effect "that defendant Winn owed the complainant, National Union Fire Ins. Company nothing by reason of the business written by said Winn in the state of Mississippi, is not supported by the evidence and is contrary to the weight of the evidence. The court is further of the opinion, however, that the finding of the jury on the third issue to the effect that defendant A. G. Winn repudiated said contract prior to the filing of the bill herein, and which finding is sustained by the evidence, relieves said Winn from any liability under said contract, and further that the fact that the defendants Goldberg and Buchanan did not know at the time they became sureties for said Winn, that said Winn was under the age of twenty-one years, coupled with the subsequent repudiation of said contract by said Winn, relieves said sureties from liability under said bond."

The court accordingly decreed in favor of all the defendants and dismissed the bill of complainant, at the cost of complainant.

At the conclusion of all the evidence complainant moved the court to instruct the jury to answer the first issue in the affirmative, which was by the court granted; "and complainant further moved that the jury be instructed by the court to return to the First Section of the second issue the answer, '$717.59,' and to return to the Second Section of said second issue the answer '$100;' and further that the court instruct the jury to answer the Third Issue in the negative. This motion was by the court overruled, and to which action of the court the complainants excepted."

The record discloses that the amount of unearned commissions collected by defendant A. G. Winn on policies subsequently cancelled, or on premium notes that were not paid by the makers according to the provisions of the contract, amounted to $717.59, and that the $100 later advanced to defendant to cover expenses incurred in moving to Texas has not been repaid.

The questions presented on this appeal by the assignments of error go to the action of the court in declining to instruct the jury as requested by complainant, and in not giving judgment in favor of complainant and in dismissing complainant's bill.

The only real question in the case to be determined is with reference to the liability of the sureties on the bond of A. G. Winn. It is undisputed in the record that defendant Winn was a minor under the age of twenty-one years, at the time of signing the contract. There is material evidence that he repudiated the contract within a reasonable time after reaching his majority and he specifically pleads infancy in his answer. We think, therefore, that his plea of infancy was properly sustained both by the jury and by the Chancellor under the facts, and that he cannot be held liable on either of the accounts sued on. A different question is presented with reference to the sureties on the bond. We think the sureties on the bond are liable for the Mississippi account, but not liable for the $100 advanced to defendant Winn to cover his expenses in moving to Texas. Winn had terminated his agency contract with complainant in Mississippi, and had accepted other employment. At a subsequent date he entered into a new agency contract to go to Texas, and the defendant sureties did not sign a bond covering the new agency contract for Texas. The bond signed by these sureties only covered the transactions for the state of Mississippi, or the obligations of Winn to complainant under the written agency contract for the state of Mississippi.

In Hicks v. Randolph, et al., 3 Baxter, 352, it is said: "The general rule that a contract void as to the principal, is void also as to the sureties, does not apply where a principal, sui juris, guarantees the obligation of, or becomes surety for a married woman, minor or other person incapable of contracting."

In 24 A. L. R., 839, in the annotations to the case of Birken v. Tapper, 189 N. W., 698 (S. D.), cases are cited from practically every state in the union under a statement of the general rule laid down as follows: "The courts are agreed that where there is no fraud, duress, deceit, or violation of law in procuring the contract, the surety or guarantor of a person who is incapable of contracting is bound, although the person is not."

We think it too well settled to require the citation of further authorities in support of the rule as above announced. However, it is insisted for appellees that this general rule does not apply where the sureties did not have knowledge of the minority of the principal at the time of becoming sureties on the bond. No case is cited by appellees in support of this contention.

Our examination of the numerous cases holding that a surety for an infant is bound although the infant is not, does not disclose a single case in which such a distinction is made by the courts. The

nearest approach that we have found is in a statement contained in the annotations to the case of Birken v. Tapper, supra, in which the case of Robinson v. Robinson, 11 Bush (Ky.), 179, is referred to, and where it is said: ''The effect of lack of knowledge by the sureties that the principal was incapable of contracting has apparently never been passed on directly. But it seems that the surety is presumed to have known of the incapacity of the principal.''

We cannot agree to the conclusion reached by the learned Chancellor to the effect that the defendant sureties on the bond of agent Winn were not liable to complainant on his bond on the ground of the defendant being a minor at the time of the execution of the contract, and which fact was not known to the sureties. The only situation which would operate to release the sureties on the undertaking of bond of a minor is where there was fraud, duress, deceit or violation of law in procuring the signature.

It is not insisted in this case that either of these conditions was present. It is not claimed by defendants that there was fraud, or duress, or deceit, or violation of law, in procuring A. G. Winn to sign the agency contract, or in procuring the sureties to sign the bond.

The fact that A. G. Winn was a minor at the time of the signing of the contract, and therefore under the legal disability of infancy, was not made known to complainant. The complainant is a corporation, and its general agent representing it in making the contract did not know that the defendant Winn was a minor. This was a personal bond, and certainly the sureties on the bond were in as good position to know that the principal Winn was a minor as was complainant. A reading of the decree of the Chancellor, as well as the written findings of facts by the Chancellor contained in the record, discloses that he denied complainant's motion for a peremptory instruction to the jury, or a decree for complainant notwithstanding the verdict of the jury, solely upon the ground that the defendant Winn being a minor, and his plea of infancy having been sustained by the evidence, the sureties as well as the principal were released, because at the time they signed the bond they did not have knowledge of the fact of the infancy of Winn. In this we think the learned Chancellor was in error.

There is no material conflict in the evidence as to the correctness of the account against Winn for unearned commissions, etc., under the Mississippi agency contract. If these items are a proper charge, and as above stated, we think they constitute a proper charge under the provisions of the agency contract, the account amounts to $717.59. The bond is only for the sum of $500, and, hence, the sureties cannot be held liable for an amount in excess of the bond, but are liable to complainant for the sum of $500 under the conclusion we reach.

It results that the decree of the Chancellor is reversed insofar as the sureties, Harry Goldberg and R. E. Buchanan, are concerned, and judgment here decreed in favor of complainant and against the defendants Harry Goldberg and R. E. Buchanan for the sum of $500 and the cost of the cause, including the cost of this appeal, and for which execution may issue.

Heiskell and Owen, JJ., concur.