DEPARTMENT OF BANKING OF THE STATE OF NEBRASKA, AS RECEIVER OF NEBRASKA STATE BANK OF VALENTINE, VALENTINE, NEBRASKA, INSOLVENT, APPELLEE, V. EUGENE P. KEELEY, APPELLANT.

160 N. W. 2d 206

Filed July 12, 1968. No. 36665.

See

182 Neb. 645, 156 N. W. 2d 803, for original opinion. ▮▮▮

Michael V. Smith, for appellant.

Smith Brothers and Murphy, Peterson & Piccolo, for appellee.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ.

SPENCER, J.

Appellant, by new counsel, has filed a motion for rehearing. Essentially, the new issue raised is that the appellant as guarantor can only be liable for so much of the face amount of the note as would be a liability against the maker. We overrule the motion for rehearing and adhere to our former opinion.

The present action, as set out in our former opinion (182 Neb. 645, 156 N. W. 2d 803), is solely against the guarantor on a note signed "Valentine Hearts Per E. P. Keeley President," which consolidated a previous indebtedness where he alone was liable with a current indebtedness of a corporation, Valentine Hearts, Inc., of which he was president and managing officer. As set out in our opinion, the ball club had been known as Valentine Hearts for several years.

It must be conceded that the corporation could not be held for the old indebtedness, which was the personal obligation of appellant and which was consolidated with the current indebtedness on December 18, 1963. At the time this consolidated note was taken, the old notes bearing appellant's guaranty were returned to him. It cannot be disputed that at the time the notes were consolidated appellant was liable on his guaranty on all of them. While the case is not analogous, some of the discussion in Home Savings Bank v. Shallenberger, 95 Neb. 593, 146 N. W. 993, is pertinent herein.

The consolidated note became due and payable June

18, 1964. Four months thereafter the note in suit was executed to renew it, and again the old note was delivered to appellant. At this time appellant gave a personal financial statement as described in our former opinion. It is appellant's testimony that on this occasion the bank president told him, "I want a good financial statement to support the baseball note."

The courts uniformly agree that where there is no fraud, duress, or violation of law in procuring the contract, the surety or guarantor of a principal who is incapable of contracting is bound although the principal is not. See, Annotation, 24 A. L. R. 838, for a discussion on this topic; and Gates v. Tebbetts, 83 Neb. 573, 119 N. W. 1120, 20 L. R. A. N. S. 1000, applying the general rule. This same rule applies where the obligation is executed by a public or private corporation without authority. See cases collected at 24 A. L. R. 847.

There is no merit to appellant's contention that because he could not bind the corporation beyond the extent of its liability on the current indebtedness, the guaranty cannot be enforced against him for any excess above the corporate liability.

The general rule is stated at 38 Am. Jur. 2d, Guaranty, § 52, p. 1056, as follows: "If the principal obligation is not void (* * *), but is merely unenforceable against the debtor because of some matter of defense which is personal to the debtor, the guarantor may not successfully set up this matter to defeat an action by the creditor or obligee seeking to hold the guarantor liable on the contract of guaranty."

MOTION FOR REHEARING OVERRULED.
FORMER OPINION ADHERED TO.